**Jerry Carlo MORENO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 51769.**

Court of Criminal Appeals of Texas.

Sept. 15, 1976.

---

Charles W. Tessmer and Ronald L. Goranson, Dallas (on appeal only), for appellant.

Henry Wade, Dist. Atty., and W. T. Westmoreland, Jr., Jim Burnham and Bob Hinton, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an appeal from a conviction for aggravated assault. The jury returned a finding of guilty on the primary offense and true on the enhancement paragraphs. The trial court assessed punishment at life.

Michael D. Edwards testified that he was the assistant manager of a grocery store. At about 6:10 p. m. on July 5, 1974, he observed two girls with big shoulder purses get out of a 1964 Chevrolet and enter the store. He observed them go up to the meat counter and put several packages in their bags. As the two girls were in the act of departing from the store without paying

for the meat, Edwards took each girl by the arm and escorted them to a back room, where he left them with Barry Baker, another employee. He then went to make sure that the police had been called.

Edwards' attention was then attracted by a disturbance; he turned and saw the appellant and the two women running down the produce aisle and out the side door of the grocery store. Edwards gave chase. The appellant produced a pistol and leveled it at Edwards. Edwards attempted to stop but slipped and fell. Edwards testified that at this point he thought the appellant fired a shot, but was not sure because he was scared. Edwards then got up and continued the chase, during which appellant again pointed the gun at Edwards. The appellant then ran into a little creekbed nearby. Edwards testified that he heard another shot go off from down in the creekbed and saw the bullet strike the dirt and the dirt fly up. Edwards then called to the appellant, saying give up, the police are on the way, whereupon the appellant threw the pistol into the creek. The water in the creek was neck deep and, although a search was conducted, the pistol was never recovered.

The above testimony was corroborated by Barry Baker, Mark Allred, and Tom Cantu, other employees of the grocery store. Baker, who was a grocery clerk at the time of the alleged offense, also testified that he was with the women in the back room where Edwards had left them after initially apprehending them. He stated that as the women were taking the meat from their bags and placing it on a table, the appellant and another man entered the back room. The other man produced a pistol and the appellant said words to the effect, "Let these girls go, we're going." Baker permitted the group to leave, and this was when Edwards saw them fleeing down the produce aisle.

■ By his first ground of error, appellant complains of the trial court's failure to instruct the jury to disregard what appellant contends to be improper argument of the prosecutor. This occurred when the prosecutor argued that "This was nothing but a band of thieves that he's (the appellant) directed out there and these are nothing but professional shoplifters." The appellant's objection was sustained, but the trial court refused to instruct the jury to disregard the argument. An exception was taken.

While we do not look favorably upon the prosecutor's argument, we are of the opinion that no reversible error has been shown. The appellant contends that the effect of the argument was to get the jury to find the appellant guilty for collateral crimes which the prosecutor injected into the case by way of jury argument. We disagree. Cf. *Cazares v. State,* 488 S.W.2d 110, 112 (Tex.Cr.App.1973); *Rodriquez v. State,* 520 S.W.2d 778, 780 (Tex.Cr.App.1975).

■ By his second and third grounds of error, appellant complains of the failure of the trial court to charge the jury as to the law of assault. Although both appellant and the State have briefed the point on whether the evidence justified the instruction on the lesser included offense of assault, a decision on this matter is unnecessary because an instruction was given. However, appellant also contends that the instruction was defective in that it denominated the lesser and included offense by its punishment–classification and not by its statutory name. The law of assault was defined to the jury, but the trial court went on to charge that "if . . . you have a reasonable doubt as to whether the defendant used a deadly weapon, to wit, a pistol, then you will find the defendant guilty of a class C misdemeanor." The instruction also provided a place for the jury to return a verdict of guilty of a "class C misdemeanor."

This is an improper way to charge the jury. It tends to confuse the jury at the guilt or innocence stage by impliedly injecting information regarding punishment and allows the prosecution additional leverage in its jury argument.[1] The proper way to

---

1. At closing argument, the prosecutor stated that, "Well, if you think that's misdemeanor conduct out there, then find him guilty of a class C misdemeanor—a man throwing a gun on a man out there trying to earn an honest living."

**173**

charge the jury would be to denominate the lesser included offense by its statutory name. *See, Tex. Crim. Pattern Jury Charges*, Sec. 22.02(a)(3), p. 213. However, this Court has repeatedly held that, although the inclusion of information regarding punishment in the charge at the guilt-innocence stage is improper, the error is not such as to require reversal. *Staggs v. State*, 503 S.W.2d 587, 588 (Tex.Cr.App. 1974).

■ By his next ground of error, appellant complains that the trial court's charge was fundamentally defective in that it allowed a conviction for an offense different than the one charged in the indictment. The indictment alleges that the accused ". . . did then and there unlawfully knowingly *and* intentionally use a deadly weapon, to wit: a pistol, and did then and there intentionally and knowingly threaten Michael D. Edwards with imminent bodily injury by the use of said deadly weapon." (Emphasis added). The appellant contends that the trial court's charge permitted a conviction if the accused ". . . intentionally or knowingly . . ." committed the offense. We have examined the court's charge and find that with regard to the threat of imminent bodily injury, the charge follows the language of the indictment: "intentionally and knowingly," not as appellant contends in his brief, "intentionally or knowingly." However, with regard to the use of the deadly weapon, the indictment alleges "knowingly and intentionally" while the court charges "intentionally or knowingly."

We are of the opinion that the charge was not fundamentally erroneous. It followed the language of the indictment with regard to the culpable mental state in the threatening of imminent bodily injury. No objection was made to the charge with regard to the culpable mental state in the use of the deadly weapon. Nothing is presented for review. *See, Garcia v. State*, 537 S.W.2d 930 (Tex.Cr.App.1975); *McElroy v. State*, 528 S.W.2d 831 (Tex.Cr.App.1975).

In his next ground of error, appellant complains of the trial court's inclusion of the definition of the culpable mental state of recklessness in the instructions. No error is shown. Furthermore, no objection was made to the part of the charge which included the definition of recklessness.

■ In his next ground of error, the appellant urges that the trial court committed fundamental error in its charge on punishment. The State sought to enhance the appellant's punishment pursuant to V.T.C.A., Penal Code, Sec. 12.42(d), by alleging the appellant had been finally convicted of two prior felony offenses. The trial court's charge on punishment failed to define the law as to what punishment would be applicable if the jury found only one of the enhancement paragraphs to be true. No objection to the charge on punishment was made on this ground and the error is raised as fundamental error. Under the terms of this particular charge, the jury had to find both enhancement paragraphs to be true; otherwise, appellant would be sentenced merely upon the primary offense, without any second offender punishment being available. If both enhancement paragraphs had to be found by the jury to be true before any enhancement could occur, then this charge was more favorable to the appellant than a charge which permitted the jury to find one, but not both, of the enhancement paragraphs to be true. Therefore, no harm is shown absent an objection. Vernon's Ann.C.C.P., Art. 36.19.

■ Interwoven with the above ground of error is appellant's next ground, which contends that the trial court erred in denying the appellant the right to voir dire the jury panel as to the possible range of punishment if either of the enhancement paragraphs was found to be untrue. Any error committed by the trial court in the voir dire was rendered harmless by the more favorable jury charge given at the punishment

stage. See *Harper v. State,* 533 S.W.2d 776 (Tex.Cr.App.1976).

Appellant's final grounds of error present the same contention: that the trial court erred in failing to grant appellant's motion to delete each of the enhancement paragraphs from the indictment since the offenses alleged in each paragraph are no longer felonies under the laws of the State of Texas.

The first enhancement paragraph of the indictment alleges a prior felony offense of theft of property of the value of $50 or over. Vernon's Ann.P.C., Art. 1421 (1925), formerly provided that theft of property of the value of $50 or more was a felony offense. The 1974 Penal Code increased the value of the property to $200 or more before the offense became a felony. V.T.C.A., Penal Code, Sec. 31.03(d)(4)(A). The second enhancement paragraph of the indictment alleged a prior felony offense of possession of narcotic paraphernalia. By virtue of the old Code, such offense was a felony. Vernon's Ann.P.C., Art. 725b, Secs. 2(c) and 23(1) (1925). Appellant states that now, by virtue of Sec. 4.07 of Art. 4476–15, V.A.C.S., the Texas Controlled Substances Act, such offense is a misdemeanor. Therefore, appellant contends, the two prior convictions used for enhancement purposes are now considered to be misdemeanors under the laws of this State and cannot be used for felony enhancement under V.T.C.A., Penal Code, Sec. 12.42.

■ The disposition of these grounds of error is controlled by V.T.C.A., Penal Code, Sec. 12.41, which provides that for enhancement purposes ". . . any conviction not obtained from a prosecution under *this code* shall be classified as follows: (1) 'felony of the third degree' if confinement in a penitentiary is affixed to the offense as a possible punishment . . ." (Emphasis added). Because the convictions used by the prosecution for enhancement purposes were not obtained under "this Code," but under the former Penal Code, they are now,

for enhancement purposes, considered to be felonies of the third degree because confinement in a penitentiary was affixed to each of these offenses as a possible punishment. Vernon's Ann.P.C., Art. 1421 (1925); Vernon's Ann.P.C., Art. 725b, Sec. 23 (1) (1925). The trial judge properly refused to delete these two enhancement paragraphs because he could have taken judicial notice of the punishment provisions applicable to these former felony offenses which, by such provisions, makes them felonies of the third degree for enhancement purposes under the present Code.[2] *1 McCormick and Ray, Texas Law of Evidence, 2d Ed.,* Sec. 173, p. 187, n. 70 (and cases there cited); *see also, Duren v. Houston and T.C. Ry. Co.,* 86 Tex. 287, 24 S.W. 258 (1893); *Singleton v. State,* 139 Tex.Cr.R. 28, 138 S.W.2d 100, 101 (1940).

The judgment of the trial court is affirmed.

---

2. It might be added that the State introduced a Texas State prison packet to prove each of the two prior offenses, which shows that the appellant did in fact spend time in the penitentiary pursuant to the convictions of the two prior offenses.