Salvador BETANCOURT, Appellant,

v.

The STATE of Texas, Appellee.

No. 58457.

Court of Criminal Appeals of Texas, Panel No. 2.

Nov. 21, 1979.

Rehearing En Banc Denied Dec. 19, 1979.

Cliff Preslar, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. and Miguel J. Cervantes, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and CLINTON, JJ.

## OPINION

CLINTON, Judge.

This appeal follows conviction for the offense of possession of heroin. Appellant, having been tried on an indictment enhanced pursuant to the provisions of V.T.

C.A. Penal Code, § 12.42(d), was sentenced as an habitual offender.

In his sole ground of error, appellant contends that the trial court erred in sentencing him pursuant to Section 12.42(d), supra, in that the State presented evidence of only one prior felony conviction. We overrule this contention and, accordingly, affirm the judgment below.

The thrust of appellant's contention herein is that one of the two prior felony convictions utilized for enhancement purposes was for the offense of "*possession and sale* of a narcotic drug" [1] and that the prison packet evidencing said conviction did not identify it as a felony offense. Consequently, reasons appellant, the State did not successfully meet its burden of showing that the offense in question was a felony offense as alleged in one of the two enhancement paragraphs in the indictment.

The record reflects that appellant was convicted of the offense in question on September 15, 1941 and his punishment was assessed at confinement in the Texas Department of Corrections for a term of two years.[2] Though the prison packet does not denominate this offense as a felony, V.A. T.C. Penal Code, § 12.41(1) provides in pertinent part:

"For purposes of this subchapter, any conviction not obtained from a prosecution under *this* code shall be classified as follows:

(1) 'felony of the third degree' if confinement in a penitentiary is affixed to the offense as a possible punishment;"

██ As prescribed by § 12.41(1), then, it appears that the 1941 conviction was properly alleged as a felony for enhancement purposes since prosecution for the crime preceded the current penal code and penitentiary time was assessed as punishment. See *Moreno v. State*, 541 S.W.2d 170, 174 (Tex.Cr.App.1976).

---

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

2. The packet adequately reflects that appellant was actually incarcerated in the Texas Department of Corrections.

■ However, appellant points out that the State did not introduce the text of the statute basing the 1941 conviction and contends that the trial judge did not have any evidence it was a former felony nor take judicial knowledge of § 12.41, supra, so that there is no evidence that the trial court based its decision finding both enhancement paragraphs true on this statute. This contention is without merit. That the trial court did not take judicial notice of this statute is of no moment as it *could have* upon proper request. It is axiomatic that Texas courts can in fact judicially notice any and all laws that were formally in effect at a given point in time. *Moreno v. State*, supra. 1 McCormick and Ray, Texas Law of Evidence, 2d ed., § 173, p. 187 at note 70 and cases there cited. In 1941, the crime for which appellant was convicted was proscribed by Article 725b, § 2(a),[3] Penal Code, 1925, and the applicable penalty for such offense was outlined in Article 725b, § 23(1), supra, as not less than two nor more than life imprisonment in the State penitentiary. The then applicable statute coupled with the prison packet sufficiently proved the 1941 conviction for possession and sale of a narcotic drug was a felony conviction for enhancement purposes pursuant to Section 12.42(d), supra. *Moreno v. State*, supra; see also *Passmore v. State*, 544 S.W.2d 399, 402 (Tex.Cr.App.1977).

■ Appellant advances the correlative contention that Section 12.41(1), supra, is unconstitutional in that it constitutes an *ex post facto* law. The thrust of this contention is that this statute has the effect of changing the punishment and inflicting a greater punishment than the law annexed to the crime when it was committed. We do not agree. It is true that the classic definition of an *ex post facto* law is one that aggravates a crime or makes it greater than when it was committed or similarly changes and inflicts greater punishment than that which was proscribed when the crime was committed, *Hill v. State*, 146 Tex.Cr.R. 333, 171 S.W.2d 880, 883 (1943); yet we do not perceive how § 12.41(1), supra, comes within that definition. This section merely attempts to classify, for purposes of enhancement of punishment under the ambit of § 12.42, supra, those convictions obtained either under our former penal code or under those penal codes of other jurisdictions. The line of demarcation is if punishment is assessed by confinement in a penitentiary then, for purposes of this subchapter, the offense shall be considered a third degree felony. See also V.T.C.A. Penal Code, § 1.07(14) (defining a felony offense).[4] Thus, standing alone § 12.41 is only definitional, without any operative effect unless coupled with some subsection of § 12.42 for penalty purposes. When given that effect neither constitutes an unconstitutional *ex post facto* application. *Vasquez v. State*, 477 S.W.2d 629 (Tex.Cr.App.1972); *Shaw v. State*, 529 S.W.2d 75 (Tex.Cr.App. 1975).

The sole ground of error is overruled and the judgment is affirmed.

---

3. Since the 1941 indictment is not included in the pen packet, we do not know how the separate offenses of "possession and sale" were alleged; the phraseology of the judgment and sentence must be regarded as a sort of shorthand rendition of the allegations in the indictment. We are not called upon to nor could we determine from this record whether the indictment is fatally defective for failing to designate the kind or character of the "narcotic drug," as required by, e. g., *Horton v. State*, 123 Tex.

Cr.R. 237, 58 S.W.2d 833 (1933) and *Baker v. State*, 123 Tex.Cr.R. 209, 58 S.W.2d 534 (1933).

4. Appellant's contention that an accused who has been sentenced to a year in the "penitentiary" for a federal misdemeanor could then have *that misdemeanor conviction utilized as a prior felony conviction* for purposes of enhancement on the strength of Section 12.41(1) need not be decided for the record does not raise the issue in that he is not similarly situated.