**Jack Loeza BARBER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–81–00031–CR.**

Court of Appeals of Texas, San Antonio.

Dec. 30, 1981.

Rehearing Denied Feb. 3, 1982.

Discretionary Review Refused May 5, 1982.

Rand Riklin, Nicholas & Barrera, Inc., San Antonio, for appellant.

Bill White, Dist. Atty., H. Wayne Campbell, Asst. Criminal Dist. Atty., San Antonio, for appellee.

Before KLINGEMAN, CLARK and BASKIN, JJ.

## OPINION

BASKIN, Justice.

This is an appeal from a conviction for attempted capital murder. Two prior convictions, alleged for enhancement, were proven, and the court assessed punishment at life imprisonment under the mandate of Tex.Penal Code Ann. § 12.42(d) (Vernon 1974).

On February 17, 1977, appellant walked into Cindy's Lounge in San Antonio, holding Simon Chapa at gunpoint. The two men took a seat at a table in the relatively dark lounge, appellant continuing to hold the gun on Chapa. Officer Valentine Lopez, responding to a police call, entered the bar to investigate, wearing his uniform and badge. When Simon Chapa's mother pointed out the pair to Officer Lopez, appellant began firing at Lopez. Lopez was hit in the chest, and when he turned to leave, he was struck once more by a bullet in the back of the left arm. Appellant was standing about four feet from Lopez when he first fired. Appellant claimed that he could not see that Lopez was a police officer, although Simon Chapa had no difficulty in seeing Lopez' badge and recognizing his uniform.

In his initial ground of error, appellant complains of the introduction into evidence of the bloodied shirt of the officer. Appellant argues that this act was highly prejudicial and that the same evidentiary effect could have been achieved through a less inflammatory means.

A major portion of appellant's defense rested on the assertion that appellant did not know Lopez was a police officer at the time of the shooting and therefore could not be guilty of attempted capital murder as charged. Appellant's knowledge as to the actual identity of Lopez became a disputed issue, and the introduction of the uniform shirt was probative thereon. While generally bloody clothing is inadmissible, it becomes admissible when it serves to solve some question or throw light upon the resolution of the case. *Brown v. State*, 475 S.W.2d 938, 954 (Tex.Crim.App.1972). Also if a verbal description was relevant to appellant's knowledge of whom he was shooting and his intent at the time of the incident, then the clothing itself was admissible. We find that such a description was admissible to reveal the general nature of the offense and was also probative on the disputed issues of intent and knowledge. Accordingly, the trial court properly admitted the bloody article of clothing at trial.

■ Appellant also maintains that the trial court erred in permitting Lopez to display the surgical scar received as a result of an operation conducted as a result of the shooting.

By his plea of not guilty, appellant necessarily put the State to its proof upon every material element of the offense. The exhibition of the wound enabled the jury to pass on the seriousness of the wound and aided in their decision regarding appellant's intent to kill, as distinguished from some lesser mental state. *Lydia v. State*, 486 S.W.2d 791 (Tex.Cr.App.1972). The ground of error is overruled.

■ Appellant next objects to the admission of various photographs on the grounds that such exhibits inaccurately depicted the scene in question and contained hearsay recitals. The photographs depict a building across the street from the crime scene with a hole in one of its windows. The pictures were taken the day after the incident, and some of the vehicles that had been on the street at the time of the shooting had been moved. Appellant contends that this variance renders the photographs inadmissible. Appellant's objection goes to the weight of the evidence rather than admissibility. We cannot say that these photographs are totally irrelevant to all issues in the case, nor can we say that such photographs were unfairly prejudicial to appellant. *Martin v. State*, 475 S.W.2d 265 (Tex.Cr.App.1972). We find no abuse of discretion on the part of the trial court in admitting the photographs.

■ Some of the photographs also contained pictures of a police blackboard in the background showing the time, date and location of the photographs. Appellant claims that such information was hearsay and highly prejudicial and that the photographs were thus inadmissible. State's exhibit number 29, admitted into evidence without objection, contained the same information of which appellant now complains. Appellant was therefore not harmed by the admission of State's exhibits 32–35 which contained the same information, and ground of error number two is overruled.

■ Appellant's third ground of error complains of the trial court's action in precluding appellant's counsel from impeaching Mary Grace Trejo with a prior inconsistent statement. The inconsistency which counsel sought to expose concerned whether or not appellant went to the restroom at a time several hours before the shooting incident. In impeaching a witness by his prior statements, resort may not be had to statements about immaterial and collateral matters. *Ellard v. State*, 507 S.W.2d 198 (Tex. Cr.App.1974). Additionally, the record reflects that counsel was eventually permitted to impeach the witness on this matter after counsel rephrased his question. Ground of error number three is without merit and is overruled.

In his fourth ground of error, appellant argues that the testimony of Dr. Robert Maddox, a physician and surgeon, regarding the effects of an entering bullet was improper. Appellant claims that Dr. Maddox was not qualified as a forensic pathologist and therefore his testimony invaded the province of the jury in determining the relative positions of the parties at the time of the shooting incident.

■ Expert testimony will be permitted in general when the expert is competent and qualified to testify, the subject is one in which the aid of an expert opinion will be of assistance to the jury, and the testimony itself does not state a legal conclusion. *Hopkins v. State*, 480 S.W.2d 212 (Tex.Cr. App.1972). After reviewing the record, we find that the criteria set out above were properly satisfied. There was no error in allowing Dr. Maddox to testify as reflected in the record. The fourth ground of error is overruled.

By his fifth ground of error, appellant avers that questions presented to Lopez by the prosecutor gave the jury the impression that appellant was a known criminal, and that these questions were in violation of a motion in limine. Appellant also maintains that such questions improperly impeached his reputation when he had not put it in issue, in violation of the rules prohibiting

such practice. *See Els v. State*, 525 S.W.2d 11 (Tex.Cr.App.1975). The line of questioning of which appellant complains is set forth below:

Q: Can you think of any reason—You told us you've never seen this man before?

A: No, sir.

Q: Can you think of any reason why he would want to shoot you?

A: No, sir.

Q: Have you ever arrested him before?

A: No, sir.

Q: Have you ever heard of him before?

A: Yes, sir.

■ Appellant did not timely object to this final question at the time it was asked but only complained after the jury had left the courtroom. Upon returning to the courtroom, the jury was instructed to disregard. Failure to object at the time that evidence is offered precludes review by this court. *Phillips v. State*, 511 S.W.2d 22 (1974); *Randolph v. State*, 499 S.W.2d 311 (Tex.Cr.App.1973). Appellant having made no objection at the proper time, any error in admitting the testimony has been waived. *Lopez v. State*, 468 S.W.2d 365, 367 (Tex.Cr. App.1971); *Phillips v. State, supra*, at 28. Appellant's fifth ground of error is overruled.

Appellant next urges that the trial court erred by failing to quash the enhancement allegations of the indictment. Appellant argues that the first conviction alleged for enhancement, a 1968 conviction under 21 U.S.C. § 174, may not be used for enhancement under Tex.Penal Code Ann. § 12.42(d) (Vernon 1974), because 21 U.S.C. § 174 was repealed in 1970, and because that federal statute does not affix confinement in the penitentiary as possible punishment. This latter argument is based on appellant's allegation that from the face of the indictment, one cannot discern the type of narcotic involved in the federal offense and thus one cannot discern whether the offense is a felony under Texas law.

Although 21 U.S.C. § 174 was repealed, we take judicial notice that it was subsequently recodified in a slightly altered form in 21 U.S.C. § 960. The portion of the old statute which was repealed, is irrelevant for our purposes. Appellant's actions under the prior statute would still constitute a felony violation under the new federal law.

Even if violation of 21 U.S.C. § 174 were no longer a felony under federal law, we hold that enhancement would still be proper under the authority of *Alvarado v. State*, 596 S.W.2d 904 (Tex.Cr.App.1980), in which the court held that a felony conviction under the former Penal Code could still be used for enhancement purposes even though the felony, possession of narcotic drug paraphenalia, was no longer an offense under the new Code. Analogous reasoning leads us to conclude that for this additional reason appellant's argument must fail.

■ The applicable federal statute allows for imprisonment in the penitentiary as possible punishment for such a violation, and the record reflects that appellant received a five year sentence for this violation. Even if the prison packet did not describe the offense as a felony, such a conviction could be properly used for enhancement purposes since the prosecution for this crime preceded the current Penal Code and penitentiary time was indeed assessed. *See Betancourt v. State*, 590 S.W.2d 487 (Tex.Cr.App.1979), *cert. denied*, 446 U.S. 937, 100 S.Ct. 2166, 64 L.Ed.2d 796 (1980); *Moreno v. State*, 541 S.W.2d 170, 174 (Tex.Crim.App.1976). The use of the conviction under 21 U.S.C. § 174 by the trial court for enhancement purposes was proper.

The second enhancement allegation of which appellant complains is based on a conviction under 18 U.S.C. § 1114. Appellant argues that this conviction was of a general nature encompassing two violations and is not final, that prior use of this conviction in federal court renders current use of the conviction improper, and that the offense under 18 U.S.C. § 1114 is not one denounced as a felony under Texas law and therefore is inappropriate for use in enhancement of punishment.

The conviction arose from a two count indictment, the first count being a violation of 18 U.S.C. § 1114, resisting a federal narcotics officer in the performance of his official duties, and the second count being a violation of 26 U.S.C. § 4741(A), failure to pay the transfer tax on marihuana. The United States Supreme Court, in *Leary v. United States*, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969) struck down 26 U.S.C. § 4741(a) on the constitutional basis of violation of the privilege against self-incrimination. It is appellant's argument that this renders the entire "sentence," which consists of violations of both of the aforementioned statutes, a nullity for enhancement purposes. To support his argument, appellant cites *Benson v. United States*, 332 F.2d 288 (5th Cir. 1964) where the court held that a general sentence based on conviction on several counts, one of which was fundamentally defective, must be set aside. The narrow issue here is whether when a single sentence is imposed for conviction under two statutes, one of which is later held to be unconstitutional, the remaining valid conviction is void for purposes of enhancement proceedings. We hold that it is not. In *Benson*, the defendant could not know how many years were assessed for each individual conviction; therefore the sentence had to be voided. In the case at bar, appellant was duly convicted under 18 U.S.C. § 1114, and the State did not use the conviction obtained under the now unconstitutional federal statute. Only the valid conviction under 18 U.S.C. § 1114 was used to enhance punishment. We hold that the trial court did not err in so holding.

The first conviction alleged for enhancement for violation of 21 U.S.C. § 174 was used for enhancement purposes in a prior federal proceeding. Appellant contends that the use of this conviction for enhancement by federal authorities precludes its being so used in this case. He does not contend that the prior conviction of which he complains was ever utilized before to enhance punishment under Tex. Penal Code Ann. § 12.42 (Vernon 1974). The rule which prohibits using a prior con-

viction more than once for enhancement purposes applies only when such double use is attempted by the State under the same statutory provision. *Ex parte Hill*, 571 S.W.2d 900 (Tex.Cr.App.1978). Therefore, the use of the conviction under 21 U.S.C. § 174 for enhancement purposes was proper.

Appellant maintains that the conviction for knowingly, willfully and forcibly resisting a federal narcotics officer in the performance of his duty does not allege a felony under Texas law and that its use for enhancement constitutes reversible error. A federal conviction which does not constitute a felony under the Texas Penal Code can be used for enhancement under § 12.42. *Ex parte Blume*, 618 S.W.2d 373 (Tex.Cr.App.1981). All cases to the contrary, including *Montgomery v. State*, 571 S.W.2d 18 (Tex.Cr.App.1978), upon which appellant relies, were expressly overruled in *Blume*. Since the federal offense for which petitioner was convicted carried confinement in the penitentiary as possible punishment, the action of the trial court was proper in using this conviction for enhancement purposes. The sixth ground of error is overruled.

In his seventh ground of error, appellant complains of the following comment by the trial judge: "I was unaware that the defense would rest at this time." Since appellant rested immediately after the prosecution rested, appellant maintains that this statement prejudiced his presumption of innocence and indicated to the jury that he had a burden to provide a defense. Appellant's complaint is tantamount to alleging that the trial judge's statement was an impermissible comment on the evidence. Viewing this statement in its proper context, we do not construe it to be a comment on the evidence nor do we consider it to be a comment impinging on the accused's presumption of innocence. It was not the sort of comment that was reasonably calculated to benefit the State nor to prejudice the appellant. Tex.Code Crim.Pro.Ann. art. 38.05 (Vernon 1979); *see Carrillo v. State*,

591 S.W.2d 876 (Tex.Cr.App.1979); *Kincade v. State*, 552 S.W.2d 832 (Tex.Cr.App.1977). Appellant's seventh ground of error is overruled.

Appellant's eighth ground of error again complains of the use of certain prior convictions, claiming that said convictions were materially defective and not final. To support his argument, appellant alludes to and advances essentially the same contentions urged in ground of error number six. As we have already ruled against appellant on this matter, appellant's argument must fail.

■ Appellant further argues that the use of these convictions would have allowed the State to try him as a criminal generally had he taken the stand. When an accused voluntarily takes the stand before a jury, he is subject to the same rules as any other witness and he may be properly impeached with prior convictions. *Myre v. State*, 545 S.W.2d 820 (Tex.Cr.App.1977). We overrule appellant's eighth ground of error.

Appellant also maintains that the following argument by the prosecution during summation constituted an impermissible comment on the accused's failure to testify, thereby requiring reversal: "We don't know what Jack was going to do with Simon Chapa. We don't know why he or X were after Simon Chapa."

■ It is fundamental law that the failure of an accused to testify may not be the subject of comment by the prosecution. Such a comment violates both the privilege against self-incrimination contained in Tex. Const. art. I, § 10 and the specific mandate of Tex.Code Crim.Pro.Ann. art. 38.08 (Vernon 1979). The Code provides in pertinent part:

> ... [T]he failure of any defendant to ... testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by counsel in the cause.

*See Koller v. State*, 518 S.W.2d 373 (Tex.Cr. App.1975). Such a comment has been also held violative of the Fifth Amendment to the United States Constitution which is made applicable to the States by virtue of the Fourteenth Amendment. *See Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *Griffin v. California*, ·380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965).

■ In order for an indirect comment on the accused's failure to testify to constitute reversible error, it must call for an assertion or denial of fact or contradictory evidence that only the defendant is in a position to offer. *Myer v. State*, 573 S.W.2d 19 (Tex.Cr.App.1978); *Griffin v. State*, 554 S.W.2d 688 (Tex.Cr.App.1977); *Pollard v. State*, 552 S.W.2d 475 (Tex.Cr. App.1977). The language must be looked at from the standpoint of the jury and the implication that the language used referred to appellant must be a necessary one. The fact that the remark might be construed as an implied or indirect allusion will not suffice. *McDaniel v. State*, 524 S.W.2d 68 (Tex.Cr.App.1975); *Nowlin v. State*, 507 S.W.2d 534 (Tex.Cr.App.1974).

■ The comment here was not the type of remark that implied that the defendant, through the shield of the Fifth Amendment, was withholding material evidence which only he could supply. The inference, if any there was, to appellant's failure to testify in the instant case, is remote at best, and the fact that it might possibly be construed as such a comment will not suffice to support this ground of error. *See McDaniel v. State, supra; Griffin v. State, supra.* Further, appellant's objection to the remark was sustained. The ninth ground of error is overruled.

■ By his tenth ground of error, appellant attacks the prosecutor's closing argument as being an improper attempt "to involve the community." We have examined this alleged error and have concluded that the comments were innocuous. Jury argument may properly be directed to a summation of evidence, reasonable deductions from the evidence, an answer to opposing counsel or a plea for law enforcement. *See Alejandro v. State*, 493 S.W.2d 230 (Tex.Cr.App.1973), and cases cited therein. The prosecutor's argument in the

case at bar was merely a plea for law enforcement and well within the boundaries enunciated in the above cited cases. Ground of error number ten is overruled.

Appellant's eleventh ground of error maintains that State's exhibit 59, a copy of the judgment of conviction from the Western District of Texas, dated January 4, 1957, was an incorrect and untrue copy. This complaint is based on the following discrepancies: the original document reflects the trial judge's signature on page 171 while the copy contains a stamped signature and no page number, and the exhibit contains the word "offense" while the submitted copy contains the plural form "offenses".

The errors which appellant has pointed out are merely clerical in nature. The certification by the deputy clerk and the details present on the attestation page both indicate that there was no impropriety involved in the preparation of these documents. We find that the copies were true and correct and that their use was proper in the instant case.

Appellant's final ground of error again attacks a portion of the prosecutor's final argument. It is appellant's position that the remark regarding appellant's conviction for assault was not supported by the record and was thus improper. For jury argument to require reversal, it must be either extreme, manifestly improper or it must inject new and harmful facts into the case. *Walthall v. State*, 594 S.W.2d 74 (Tex.Cr.App.1980); *Thomas v. State*, 519 S.W.2d 430 (Tex.Cr.App.1975). We find that the aforementioned comment falls far short of the standards set out in these cited cases. Appellant's objection to this line of argument was sustained and the jury was promptly instructed to disregard. The error, if any, was harmless.

We have fully examined all of appellant's alleged grounds of error and have found them all to be without merit. The judgment is affirmed.