Gary Alan DUNCAN aka Gary Alan Mettey, Appellant,

v.

STATE of Texas, Appellee.

No. 13–81–045–CR.

Court of Appeals of Texas, Corpus Christi.

Oct. 14, 1982.

*State*, 703 S.W.2d 641 (Tex.Cr.App.1985).

---

1. For this Court's latest discussion of what constitutes a proper voir dire question see *Smith v.*

**16**

Anthony Constant, Corpus Christi (appointed on appeal only), for appellant.

Wm. B. Mobley, Jr., Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and YOUNG and GONZALEZ, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a conviction of burglary of a habitation for which the jury affixed a punishment of 50 years imprisonment.

On appeal, appellant's only complaint is that he was denied a fair trial because his appointed counsel did not represent him effectively enough.

■ The standard which we must apply to appellant's ground of error is whether or not his attorney rendered "reasonably effective assistance." *Ex parte Duffy*, 607 S.W.2d 507 (Tex.Crim.App.1980). The adequacy of an attorney must be gauged by the totality of the representation, and the allegations of ineffective assistance of counsel will be sustained only if they are firmly founded. *Johnson v. State*, 614 S.W.2d 148 (Tex.Crim.App.1981); *Faz v. State*, 510 S.W.2d 922 (Tex.Crim.App.1974). Due to the nature of the allegation, each case must turn on its own particular facts and circumstances. *Mercado v. State*, 615 S.W.2d 225 (Tex.Crim.App.1981).

Accordingly, we review all of the facts of this case in order to ascertain if appellant's allegation of ineffective assistance may be sustained.

On the morning of September 29, 1978, the complaining witness was leaving her motel room around 6:50 a.m. After she left her room, she was grabbed by the appellant, who forced her back into her motel room at knifepoint. The appellant then raped her and robbed her of approximately $100.00. On the basis of the witness' description of appellant, the appellant was arrested and a police line-up was held. The witness positively identified the appellant in the line-up.

In reviewing the record in its entirety, it is clear that the overall strategy formulated by the defense attorney was to try the case on punishment, with a view toward receiving the lowest amount of punishment possible. The trial attorney's strategy of achieving his goal of low punishment is consistent throughout the trial. It is evident to us from the record that the State had a very strong case. Appellant's counsel tried to present the appellant as a sexually frustrated young man who needed help in putting his life together. Appellant's trial counsel pleaded for leniency on the sentencing to the minimum 15 years in

order that appellant could be rehabilitated. Trial counsel stressed that appellant had not been given an opportunity to seek help, and if the purpose of imprisonment is to rehabilitate, any great number of years would frustrate that purpose.

■ It is well settled that an attorney must appraise a case and do the best he can with the facts available. The fact that another attorney might have tried the case differently, especially from hindsight, does not show inadequate representation. *Mercado v. State*, 615 S.W.2d 225 (Tex.Crim. App.1981); *Ex parte Prior*, 540 S.W.2d 723 (Tex.Crim.App.1976).

■ In the instant case, we have examined the record in its totality, with particular reference to the instances which are criticized by appellate counsel. We find that appellant had the benefit of competent counsel who afforded him professional representation. The constitutional right to counsel does not mean errorless counsel or counsel whose competency or adequacy of representation can be judged by hindsight. *Mercado v. State*, supra.

■ Appellant contends in his pro se brief that the trial court erred in using his prior conviction under Florida law to enhance punishment. He argues that the Prosecutor did not prove that the prior conviction, namely "breaking and entering a dwelling with the intent to commit sexual battery," would be a felony under Florida law. In the absence of proof, it is presumed that the law of another state is the same as this state. *Hall v. State*, 619 S.W.2d 156 (Tex.Crim.App.1980). Since breaking and entering a dwelling with the intent to commit sexual battery is a felony offense in Texas (See: Tex.Penal Code § 30.02), it is therefore presumed that this prior conviction was a felony under Florida law. Accordingly, appellant's ground of error is overruled.

The judgment of the trial court is affirmed.