Mary Townsend **MURPHY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–85–0912–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 30, 1986.

Emmett Moore Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Timothy G. Taft, Jo Ann Lee, Harris County Asst. Dist. Attys., Houston, for appellee.

Before EVANS, C.J., and WARREN and SMITH, JJ.

EVANS, Chief Justice.

This is an appeal of a conviction for credit card abuse. After the jury found appellant guilty, appellant pled true to the enhancement paragraph, and the jury assessed punishment at 12 years confinement. We affirm.

Appellant brings one point of error contending that the trial court erred in overruling the appellant's objection to the court's charge on punishment. Appellant contends that the court's instructions, pursuant to Tex.Code Crim.P.Ann. art. 37.-07(4)(c) (Vernon Supp.1986), were an ex post facto application of the amended article 37.07. The offense for which appellant was convicted occurred on May 18, 1985. The effective date of article 37.07(4) was September 1, 1985. Appellant was tried on October 23, 1985.

Prior to its amendment, article 37.07 only required that the trial court "give such additional written instructions as may be necessary." Under the amendment adding section 4(c), the jury is instructed:

Under the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn time off the sentence imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.

It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.

Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served plus any good conduct time earned equals one-third of the sentence imposed. Eligibility for parole does not guarantee that parole will be granted.

It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

Appellant asserts that the article 37.-07(4)(c) instruction harmed appellant by encouraging the jury to impose a longer sentence in order to circumvent early release. Appellant further asserts that the jury "was forced to speculate, based on the instructions from the Court, how long a sentence would be required to keep appellant imprisoned an appropriate length of time."

 The classic definition of an ex post facto law is one that aggravates a crime or makes it greater than when it was committed or similarly changes and inflicts

greater punishment than that which was prescribed when the crime was committed. *Betancourt v. State,* 590 S.W.2d 487 (Tex. Crim.App.1979), *cert. denied,* 446 U.S. 942, 100 S.Ct. 2166, 64 L.Ed.2d 796 (1980). A retrospective criminal law or penal law that does not deprive a party of some constitutional right to which she was entitled, under the law at the time the offense was committed, or that does not alter her situation to her disadvantage is not ex post facto. *Hill v. State,* 146 Tex.Crim. 333, 171 S.W.2d 880 (1943). Ex post facto considerations do not prohibit legislative or judicial action that changes the *procedures* whereby it is determined what punishment is appropriate or whether a person has committed a criminal act. *Dobbert v. Florida,* 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977); *Chalin v. State,* 645 S.W.2d 265, 271 (Tex.Crim.App.1982) (op. on reh'g); *see also Thompson v. Missouri,* 171 U.S. 380, 388, 18 S.Ct. 922, 925, 43 L.Ed. 204 (1898), *Hopt v. Utah,* 110 U.S. 574, 589–590, 4 S.Ct. 202, 209–210, 28 L.Ed. 262 (1884).

■ Appellant was sentenced to 12 years confinement within a statutory range of a two year minimum and a 20 year maximum. This range of punishment was the same on the date of sentencing as it was on the date of the commission of the offense. Tex.Penal Code Ann. § 12.33 (Vernon 1974). Article 37.07(4)(c) did not inflict greater punishment for a second degree felony; the range of punishment remained the same.

Appellant's point of error is overruled.

The judgment is affirmed.