Barry Wayne SHAW, Appellant,

v.

The STATE of Texas, State.

Nos. 2–86–036–CR, 2–86–073–CR.

Court of Appeals of Texas,
Fort Worth.

April 23, 1987.

Discretionary Review Refused
July 22, 1987.

Zachry, Kearney, Hill, Beatty & Butcher and Allan K. Butcher, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., and David L. Richards, Asst. Dist. Atty., Fort Worth, for appellee.

Before FENDER, C.J., and HILL and LATTIMORE, JJ.

## OPINION

HILL, Justice.

Barry Wayne Shaw appeals his conviction by a jury in one trial for the offenses of murder and attempted murder. *See* TEX.PENAL CODE ANN. sec. 19.02 (Vernon 1974) & sec. 15.01 (Vernon Supp.1987). The jury assessed his punishment for the murder at forty-four years of confinement in the Texas Department of Corrections and assessed his punishment for the attempted murder at fifteen years. The conviction resulted from an incident in which Shaw shot through the plate glass windows at a karate studio which he had attended. His weapon was a Uzi semi-automatic rifle. In seven points of error, Shaw complains of the trial court's instruction to the jury with respect to parole law and further urges error in connection with a prosecutor's argument as to what Shaw would do when released from the penitentiary.

We affirm, because we find no error in the court's instruction to the jury as to the parole law and because we find that any error in the State's argument to the jury

that Shaw would "do·it again" upon his release was waived by his failure to ask the trial judge for an instruction to the jury to disregard the argument, since such an instruction would have cured any error. Also, Shaw did not object to the State's argument, "[y]ou know what's going to happen when he gets out of the penitentiary."

In points of error numbers one through five, Shaw urges that the trial court erred by instructing the jurors on parole eligibility because: TEX.CODE CRIM.PROC. ANN. art. 37.07, sec. 4(a) (Vernon Supp. 1987) and the instructions are an unconstitutional violation of the separation of powers between the judicial and executive branches of government; that article and the instructions are an unconstitutional violation of the separation of powers between the legislative and judicial branches of the government; the instructions are vague, contradictory, and incomprehensible; article 37.07, section 4(a) is an unconstitutional *ex post facto* law as applied to Shaw; and the instructions were not based on article 37.07, section 4(a) of the Texas Code of Criminal Procedure.

We have previously held that the statute and instructions complained of are not an unconstitutional violation of the separation of powers between the judicial and executive branches of government. *See Spelling v. State,* 719 S.W.2d 404, 409 (Tex.App. —Fort Worth 1986, pet. granted); *Patton v. State,* 717 S.W.2d 772, 780 (Tex.App.— Fort Worth 1986, pet. pending).

■ We turn to the question of whether or not the statute and instructions constitute an unconstitutional violation of the separation of powers between the legislative and judicial branches of the government, as enumerated as follows:

The powers of the Government of the State of Texas shall be divided into.three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are Legislative to one, those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one of these depart-

ments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted. TEX. CONST. art. II, sec. 1. We must determine whether this provision prohibits the legislature from enacting a law requiring a judge to give the jury a particular instruction on parole and good time.

We note that in Texas the procedure in criminal trials has been established by the Texas legislature, a practice which has been recognized by the Texas Court of Criminal Appeals. *See Holton v. State,* 143 Tex.Cr.R. 415, 158 S.W.2d 772, 773–74 (1942). Additionally, the constitution provides that the legislature shall establish a Board of Pardons and Paroles, and the legislature shall have authority to enact parole laws. *See* TEX. CONST. art. IV, sec. 11.

The Texas Constitution provides in article V, section 31 that the legislature may delegate to the Court of Criminal Appeals the power to promulgate rules as might be prescribed by law or the Constitution, subject to such limitations and procedures as might be provided by law.

Section 31 of article V was adopted in November 1985. It clearly indicates that under our Constitution the ultimate power to promulgate rules of procedure in criminal cases rests with the state legislature. We therefore find that article 37.07, section 4(a) of the Code of Criminal Procedure is not an unconstitutional violation of the separation of powers between the legislative and judicial branches of the government. *See Joslin v. State,* 722 S.W.2d 725, 730–34 (Tex.App.—Dallas 1986, no pet.).

Shaw contends that the court's instructions as to parole laws are vague, contradictory, and incomprehensible. The court's instructions follow the language of the statute and the instructions therein. We have previously held that the statute and the instructions therein are not unconstitutionally vague. *See Spelling,* 719 S.W.2d at 409–10.

■ Next, Shaw contends that the law is an *ex post facto* law as applied to him, in violation of article I, section 10 of the Unit-

ed States Constitution and article I, section 16 of the Texas Constitution.

The classic definition of an *ex post facto* law is one that aggravates a crime or makes it greater than when it was committed or similarly changes and inflicts greater punishment than that which was proscribed when the crime was committed. *Betancourt v. State*, 590 S.W.2d 487, 489 (Tex.Crim.App.1979), *cert. denied*, 446 U.S. 942, 100 S.Ct. 2166, 64 L.Ed.2d 796 (1980). Article 37.07, section 4 of the Code of Criminal Procedure does not aggravate a crime, does not make it greater than when it was committed, and does not inflict greater punishment than that proscribed when the offense was committed. Instead, it alters the procedure by which it is determined what punishment is appropriate. *Ex post facto* considerations do not prohibit legislative or judicial action that changes the procedure whereby it is determined what punishment is appropriate or whether a person has committed a criminal act. *Chalin v. State*, 645 S.W.2d 265, 271 (Tex.Crim.App. 1982); *Murphy v. State*, 721 S.W.2d 436, 438 (Tex.App.—Houston [1st Dist.] 1986, no pet.). We hold that article 37.07, section 4 is not an *ex post facto* law. *See Joslin*, 722 S.W.2d at 734–35; *Murphy*, 721 S.W.2d at 438.

We next consider Shaw's claim that the trial court erred in giving the instruction which he gave because the instructions were not based on article 37.07, section 4(a) of the Texas Code of Criminal Procedure. Shaw asserts that since article 37.07, section 4(a) provides that the instruction given is to be given only when the defendant is guilty of an offense listed in TEX.CODE CRIM.PROC.ANN. art. 42.12, sec. 3f(a)(1) (Vernon Supp.1987), or when the judgment contains an affirmative finding under section 3f(a)(2) of the Code, that the court erred in giving the instruction since there is no section 3f(a)(1) or 3f(a)(2) of article 42.12. A cursory examination of articles 42.12 and 37.07 makes it clear that the reference intended by the legislature in article 37.07, section 4(a) was to article 42.12, section 3g(a)(1) and 3g(a)(2). We hold that this court may disregard such a clearly clerical error. *See Rose v. State*,

724 S.W.2d 832, 838–39 (Tex.App.—Dallas 1986, no pet.); *Loving County v. Reeves County*, 126 S.W.2d 87, 91 (Tex.Civ.App.— El Paso 1939, writ ref'd).

We overrule points of error numbers one, two, three, four, and five.

 In points of error numbers six and seven, Shaw maintains that the trial court erred by not granting a mistrial following a jury argument by the prosecutor. The prosecutor made an argument to the jury that Shaw would "do it again" when he got out of the penitentiary, and "[y]ou know what's going to happen when he gets out of the penitentiary." The trial court sustained Shaw's objection to the first argument but overruled his motion for mistrial. Shaw did not request the jury to disregard the argument. Shaw did not object to the second argument.

The Texas Court of Criminal Appeals has held that the proper method of objecting to improper argument is to (1) object, (2) request an instruction to disregard, and (3) move for a mistrial. *Koller v. State*, 518 S.W.2d 373, 375 n. 2 (Tex.Crim.App.1975). An instruction to disregard usually will cure any error committed by improper argument. *Anderson v. State*, 633 S.W.2d 851, 855 (Tex.Crim.App.1982). By not requesting appropriate relief, Shaw has failed to preserve error. *See Duran v. State*, 505 S.W.2d 863, 866 (Tex.Crim.App. 1974). We find that such an instruction would have cured any error.

We overrule points of error numbers six and seven.

The judgment is affirmed.