MARY'S OPINION HEADING 






                                                                                    NOS. 12-03-00057-CR
 12-03-00058-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
RAMON LOPEZ,                                               §                 APPEAL FROM THE 114TH
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §                 SMITH COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Appellant was charged by indictment with assault causing bodily injury to a family member,
a third degree felony. Tex. Pen. Code Ann. § 22.01(b)(2) (Vernon 2003). A second indictment
charged Appellant with the first degree felony of aggravated kidnapping. Tex. Pen. Code Ann.
§ 20.04(b) (Vernon 2003). By a separate pleading filed in both cases, the State gave notice of its
intent to seek an enhanced punishment alleging Appellant had been previously convicted of a felony
in New Jersey. The cases arose out of the same criminal episode, and the trial court consolidated
them for trial. See Tex. Pen. Code Ann. § 3.02(a) (Vernon 2003). The jury convicted Appellant
of assault and kidnapping, a lesser-included offense of aggravated kidnapping. The jury found the
enhancement paragraph in each case to be true and assessed Appellant’s punishment at imprisonment
for fifteen years and a $10,000 fine in the assault case and imprisonment for fifteen years and an
$8,000 fine in the kidnapping case. Appellant presents three issues complaining that the trial court
erred in not granting a mistrial based upon the State’s improper jury arguments, and contending that
the evidence was legally and factually insufficient to prove that he had been previously convicted
of a felony in New Jersey. We affirm.
 
Background
            Appellant and the victim, Isabel Santiago, were married at common law. A violent quarrel
between the two erupted. Appellant threw all the telephones against the fireplace in a jealous rage;
Isabel fled from the house and hid and Appellant left in her Isuzu Trooper. The next morning, Isabel
found Appellant had returned and asked for the car keys so she could go to work. He said he did not
have them. When she went to the only working telephone to call her workplace, Appellant jerked
the cord from the wall; Isabel hit him on the head with the telephone, and ran across the street to the
DeLaSancha house.
            Appellant returned with the Trooper, pulled Isabel from the DeLaSancha house by her hair,
forced her into the Trooper, and drove away saying he was taking her to work. Isabel called to her
sixteen-year-old son telling him, “Jonathan, if the police get here, tell them he’s taking me against
my will.” Instead of taking her to work, Appellant drove Isabel to the Southside Bank drive through
where he forced her to withdraw $225 from her account, threatening to use an open knife he had if
she did not do as she was told.
            They got breakfast at McDonald’s drive through. Thereafter, he bought some crack cocaine
and took Isabel to Tyler State Park where he spent the balance of the day smoking crack. They spent
the night in the car at a truck stop picnic area on I-20. They returned to their home around 2:00 p.m.,
so Appellant could take a shower. Isabel fled to a neighbor’s house, but Appellant caught her at the
porch. He pried her loose from the porch railing by hitting her and threatening to tear her clothes
off. He forced her into the car, grabbed her by the hair, and shook her violently as he drove away
with her. He pulled out his knife again, threatening to stab her if she disobeyed him or attempted
to escape. They bought gas and a VCR using her Sam’s card. Appellant traded the VCR for crack,
and he continued driving around into the night while he smoked the crack. Appellant took her back
to the house with him where he got the lawnmower which he sold to get more drugs. They spent the
night at a truck stop on I-20 where they met a couple who wanted drugs. The couple followed them
to a place where Appellant purchased more drugs. Appellant left the engine running while he went
to give the drugs he had bought to the couple in the other car. Isabel took advantage of the
opportunity to escape and drove away. She drove until she saw a police car which she followed to
the Kilgore Police Department where she reported the crime. Appellant hit and bruised Isabel
several times during the two abductions, and he kept her in constant fear that he would use his knife
if she disobeyed him. He told her that if she attempted to signal a police car, he would drive into a
tree and kill them both.
 
Improper Jury Argument
            In his first issue, Appellant insists the trial court erred in refusing to grant a mistrial after the
prosecutor’s improper jury arguments at both stages of the trial. During the prosecutor’s closing
argument at the guilt-innocence stage, he argued as follows:
 
That’s restraint. Restricting her liberty. She wanted to go to work, needed to go to work. And then
over the next couple of days, continued to go ahead and restrain her when she pushes him in the closet,
runs out of the house, runs over to Mr. McDonnell’s. He’s restraining her. He’s dragging her back.
 
We probably should have had a two-count indictment for aggravated kidnapping because it looks
now, based on all the evidence – 
 
[DEFENSE COUNSEL]: Objection, Your Honor. Improper argument.
 
THE COURT: The Court sustains the objection.
 
[DEFENSE COUNSEL]: Ask the jury to be instructed to disregard.
 
THE COURT: The jury will be instructed to disregard.
 
[DEFENSE COUNSEL]: Because of the prejudicial nature of the statements, Your Honor, we would
ask the Court to move the Court for a mistrial.
 
THE COURT: Motion for mistrial is denied.


Appellant contends that the prosecutor’s argument constitutes a comment on his failure to testify.

Applicable Law
            A comment on a defendant’s failure to testify violates the Fifth Amendment of the U.S.
Constitution, as well as Article I, Section 10 of the Texas Constitution, and article 38.08 of the Texas
Code of Criminal Procedure. See Cook v. State, 702 S.W.2d 597, 600-01 (Tex. Crim. App. 1984)
(op. on reh’g). Proper jury argument may consist of (1) a summation of the evidence, (2) reasonable
deductions from the evidence, (3) an answer to the argument of opposing counsel, and (4) a plea for
law enforcement. Wilson v. State, 938 S.W.2d 57, 59 (Tex. Crim. App. 1996); Faison v. State, 59
S.W.3d 230, 243 (Tex. App.–Tyler 2001, pet. ref’d). To violate a defendant’s constitutional and
statutory rights against self-incrimination, the challenged argument, viewed from the jury’s
perspective, “must be manifestly intended or be of such a character that the jury would necessarily
and naturally take it as a comment on the accused’s failure to testify.” Fuentes v. State, 991 S.W.2d
267, 275 (Tex. Crim. App.). The mere implication or indirect allusion to a defendant’s failure to
testify will not result in reversible error. Canales v. State, 98 S.W.3d 690, 695 (Tex. Crim. App.),
cert. denied, __U.S.__, 124 S. Ct. 806, 157 L. Ed. 2d 701 (2003). Such comments as “we don’t
know” what defendant planned to do with the victim have been held sufficiently ambiguous to yield
two plausible inferences, and therefore not a comment that would “necessarily” be viewed by the
jury as a reference to the defendant’s failure to testify. Barber v. State, 628 S.W.2d 104, 111 (Tex.
App.—San Antonio 1981, pet. ref’d). The argument is improper if it directs the jury to an absence
of testimony that only the defendant could supply. Swallow v. State, 829 S.W.2d 223, 225 (Tex.
Crim. App. 1992).
            There must be a proper objection stating a specific ground to preserve for appeal any error
in jury argument. Hougham v. State, 659 S.W.2d 410, 414 (Tex. Crim. App. 1978). The cases have
been expressly overruled that hold that the failure to object to a jury argument does not constitute
a waiver if an instruction to disregard could not have cured the improper jury argument. Cockrell
v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). Finally, in all but the most blatant examples,
an instruction by the trial court to disregard a comment on the failure of the accused to testify cures
any prejudicial effect. Moore v. State, 999 S.W.2d 385, 405 (Tex. Crim. App. 1999).
Analysis
            Appellant contends that the prosecutor’s argument called the jury’s attention to the absence
of evidence which only he could have provided. Appellant argues that only through his own
testimony could he show that his conduct toward Isabel did not amount to an abduction, and only
he could offer evidence on whether or not he had a knife during the alleged kidnapping.
            We do not believe that the prosecutor’s remark that the evidence showed two abductions is
anything more than a reasonable deduction from the evidence. Isabel testified that she escaped from
Appellant once only to be recaptured on the neighbors’ front porch. Both abductions were witnessed
by her son and by neighbors who testified at trial. On appeal, Appellant lays particular stress on the
fact that only he could dispute Isabel’s testimony that he threatened her with a knife, the aggravating
factor in the case. That is true. But it is not a comment on the accused’s failure to testify for the
prosecutor to argue reasonable deductions from the State’s undisputed evidence. Viewed from the
jury’s standpoint, the challenged argument in this case falls far short of being of such a character that
the jury would necessarily take it as a comment on Appellant’s failure to testify. Moreover, the trial
court sustained Appellant’s objection and instructed the jury to disregard the prosecutor’s comment. 
The trial court did not err in denying Appellant’s motion for a mistrial.
            Appellant also complains about the prosecutor’s argument during the punishment stage of
the trial. Appellant contends that the prosecutor incorrectly stated the number of his prior
convictions. During the argument on punishment, the prosecutor made the following argument:
 
And the testimony that you heard about an hour or so ago was the State coming forward and
trying to prove to you that Ramon Lopez has a prior felony conviction for aggravated robbery, a
weapon’s [sic] offense, and some other offenses. And the judgments are right there.

                            . . . . 
 
Now, you’ve got to go ahead and decide where in [the punishment range] does he fit. Now,
you’ve heard evidence that we’ve presented that, I think, when he was about 18 years old, he
committed this violent offense in New Jersey, robbery with a firearm, aggravated assault, burglary,
and carrying a weapon. So you saw that back there in New Jersey he needed to be punished 18 years
and served a minimum of 8 years.


            The evidence showed that in New Jersey Appellant was charged with the following offenses
in a six-count indictment: (1) Burglary, (2) Robbery, (3) Criminal Attempt to Commit Theft by
Unlawful Taking, (4) Aggravated Assault, (5) Possession of a Weapon for an Unlawful Purpose, and
(6) Unlawful Possession of a Weapon. The jury returned a verdict of guilty on all six counts. The
trial court sentenced Appellant on count two, Robbery, and count six, Unlawful Possession of a
Weapon. The court “merged” counts one, three, four, and five with count two, and they were
therefore dismissed.
            Appellant made no objection to the prosecutor’s argument. By failing to object to a jury
argument or to pursue his objection to an adverse ruling, a defendant forfeits his right to complain
about the argument on appeal. Cockrell, 933 S.W.2d at 89. A defendant’s right not to be subjected
to even incurably improper jury argument is one of those rights that is forfeited by a failure to insist
upon it. Id. No error was preserved. Appellant’s first issue is overruled.
 
Sufficiency of the Evidence
            In his second and third issues, Appellant challenges the legal and factual sufficiency of the
evidence.
Standard of Review
            In reviewing the legal sufficiency of the evidence, the appellate court must view the evidence
in the light most favorable to the verdict to determine whether any rational trier of fact could have
found all of the essential elements of the charged offense beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); Whitaker v. State, 977
S.W.2d 595, 598 (Tex. Crim. App. 1998). In conducting a factual sufficiency review, the appellate
court must sustain the verdict unless a neutral review of all the evidence, both for and against the
challenged finding, demonstrates that the proof of guilt is so obviously weak as to undermine
confidence in the jury determination or the proof of guilt, although adequate if considered alone, is
greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).
            In the instant case, the State introduced a certified copy of a judgment of conviction and order
of commitment from the New Jersey Superior Court showing that Appellant had been convicted of
robbery and unlawful possession of a weapon. The document also shows that the jury returned a
guilty verdict on four other offenses which were “merged” after verdict with the robbery count. 
There is, however, no evidence in the documents sent from New Jersey nor evidence elsewhere in
the record that shows robbery is a felony in New Jersey. Therefore, Appellant argues, in the absence
of such evidence, there is no proof that he had a previous felony conviction and thus no evidence or
factually insufficient evidence supporting the jury’s finding of true to the enhancement paragraph
of the punishment charge.
            A prior conviction in another state for a felony offense may be used to enhance punishment. 
See Tex. Pen. Code Ann. § 12.42 (Vernon 2003). It is presumed, in the absence of contrary proof,
that the law of another State is the same as this State. Duncan v. State, 714 S.W.2d 15, 17 (Tex.
App.–Corpus Christi 1982), aff’d, 717 S.W.2d 345 (Tex. Crim. App. 1986). Robbery is a felony
offense in Texas. Tex. Pen. Code Ann. § 29.02 (Vernon 2003). Therefore, the New Jersey
judgment of conviction reciting Appellant’s conviction for robbery in New Jersey constitutes legally
and factually sufficient evidence of his previous felony conviction. Appellant’s second and third
issues are overruled.
 
Conclusion
            Having overruled, Appellant’s first, second, and third issues, we affirm the trial court’s
judgment.
 
 
                                                                                                    BILL BASS 
                                                                                                            Justice
 
 
Opinion delivered May 28, 2004.
Panel consisted of Worthen, C.J., DeVasto, J., and Bass, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by
assignment.
















(DO NOT PUBLISH)