# Henry Allen Hill v. The State.

No. 22475.   Delivered April 28, 1943.
Rehearing Denied June 2, 1943.
Order Granting Defendant's motion for Stay of Mandate, pending appeal to the Supreme Court of the United States, June 3, 1943.
Petition for Writ of Certiorari filed in United States Supreme Court, September 2, 1943.
Petition for Certiorari dismissed in United States Supreme Court, upon motion of Counsel for Petitioner.
October 11, 1943.
Order of Court of Criminal Appeals Abating the Appeal, because of death of the Defendant, November 3, 1943.

The opinion states the case.

*Doss Hardin,* of Dallas, for appellant.

*Dean Gauldin,* Criminal District Attorney, and *Chas. A. Pippen,* Assistant District Attorney, both of Dallas, and *Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a death sentence on a charge of rape. The case has been before this court on a former appeal, (See Hill v. State, 157 S. W. (2d) 369) at which time the facts were sufficiently stated and are not different in the present appeal. The Supreme Court of the United States reversed the case on account of the showing of race discrimination in the selection of the grand jury which indicted him. Subsequently he was reindicted in the manner hereinafter fully stated and the trial had was on the second indictment.

A motion was timely filed to quash the second indictment. One ground set out was that a member of the grand jury returning this indictment was a commissioner to draw the grand jury which returned the former indictment. Appellant has filed no brief in the case and we are unable to conceive of the error,

or of the possible injury that might have resulted by reason of this fact.

A more insistent proposition set out in the second section of the motion to quash has attracted our attention and impressed us as being the only question in the case different to that which has been heretofore discussed and which will require further attention in this opinion. The offense of rape is alleged to have been committed in Dallas County, Texas, on the 1st day of December, 1940. Within a few days thereafter an indictment was returned upon which he was tried and sentenced to death, from which the former appeal came. Article 178, Code of Criminal Procedure, as codified in 1925, provides a period of one year within which all indictments for rape must be returned. The Forty-seventh Legislature (Regular Session, page 1335) passed an act amending Article 183, which became effective on July 9, 1941, eight months after the commission of the offense alleged. Sections 2 and 3 of the amended article read as follows:

"2. The time during the pendency of an indictment, information, or complaint shall not be computed in the period of limitation.

"3. The term 'during the pendency,' as used herein, means that period of time beginning with the day the indictment, information, or complaint is filed in a court of competent jurisdiction and ending with the day such accusation is, by an order of a trial court having jurisdiction thereof, determined to be invalid for any reason."

This was prior to the decision of this court affirming the case and prior to the reversal of it by the Supreme Court of the United States, which was of date June 1, 1942. On October 16, 1942, the present indictment was returned, which was approximately a year and ten months after the commission of the offense of rape alleged. The amount of time between the commission of the offense and the first indictment, added to the period from June 1, 1942, to October 16, 1942, is much less than one year. Under the terms of the amendment above quoted the period of limitation would not be available to appellant as a bar to the prosecution. It is contended, however, that the passage of this amendment is in violation of Article I, Section 10, Constitution of the United States, and of Article 1, Section 16 of the Constitution of the State of Texas, forbidding the passage of ex post facto laws in relation to criminal matters. If this contention is to be sustained the prosecution would be barred and it would be the duty of this court to reverse the judgment

and order the prosecution dismissed. Whether it is or not is the question which we must decide.

We are to deal with a question of first impression so far as we are able to ascertain. Seldom has it been before the courts of any State on an issue sufficiently similar to aid us very much in the conclusion which we must reach. Appellant has filed no brief in the case and presents no authority sustaining his contention. It is equally noticeable that while the office of the District Attorney has been ably represented in presenting the facts before this court, they have cited us to no case on the subject.

From Corpus Juris Secundum, Volume 22, page 351, we quote the following: "Since enactment limiting the time for the prosecution of offenses are measures of public policy only, and are entirely subject to the will of the legislature, they may be changed or repealed altogether in any case where a right to acquittal has not been absolutely acquired by the completion of the period of limitation; but where a complete defense has arisen under such a statute, it cannot be taken away by a subsequent repeal thereof. So, too, where a statute extends a period of limitation, or provides for the tolling thereof, it applies to offenses not barred at the time of the passage of the act, so that a prosecution may be commenced at any time within the newly established period although the original period of limitation had then expired; but such a statute cannot operate to revive offenses which were barred at the time of its enactment, since it would, in that case, be ex post facto."

It was held in the case of Sneed v. State, 25 Texas, Supplement, page 66, that the Legislature had no power to revive the right to prosecute by an enactment passed after the period of limitation had run. This case is cited for the statement to that effect in the foregoing quoted article; but the exact question before us here is whether or not the Legislature has power after the commission of an offense to toll the running of limitation as provided by law at the time of the commission of the crime so that it will not run during the period in which there is an indictment or complaint and information pending against the party for such crime. Conceivably that was not in the mind of the court when they wrote the opinion in the Sneed Case. The absence of any citation on the question before us by Corpus Juris Secundum is persuasive that further diligence on our part would not avail to find such a decision from our courts.

Inasmuch as the question raised is one of Federal concern, we have exhausted our power to find the exact question before

the court of last resort and to read the most valuable discussions by text writers referring to Federal decisions. From many such cases discussed in Words and Phrases, Permanent Edition, Volume 15, page 732 et seq., it may be said that it is settled and thoroughly recognized that not every retrospective criminal statute is necessarily prohibited as being ex post facto. If the subsequent enactment mitigates the punishment prescribed in the statute existing when the offense was committed it would not come within the definition. A retrospective criminal or penal law that does not deprive a party of some constitutional right to which he was entitled under the law at the time the offense was committed or does not alter his situation to his disadvantage is not ex post facto. Mr. Justice Chase has tersely summarized ex post facto law to be every law that makes an action done before the passing of the law and which was innocent when done to become criminal and punishable as such; every law that aggravates a crime or makes it greater than when it was committed; every law that changes and inflicts a greater punishment; and "every law that alters the legal rules of evidence and receives less, or different testimony, than the law required at the time of the commission of the offense, in order to convict the offender." The foregoing included the best thought on the subject at that time and in making such summary Mr. Justice Chase cited numerous authorities from both state and federal courts with approval. See Words and Phrases, supra. I think we may at this time accept that summary and that we will be fairly safe in excluding all contentions for matters not included within it. In doing so we find no difficulty in sustaining the above quotation from Corpus Juris Secundum, which is a positive declaration on the subject before us sustaining the ruling of the trial court, and requiring the affirmance of the case by this court.

In a recent case on the subject, Beazell v. State of Ohio, 269 U. S., page 168, Mr. Justice Stone, rendering the opinion of the court, summarized ex post facto laws in keeping with the foregoing citation in Words and Phrases and in no wise different to it. Commenting on the act of the State of Ohio passed subsequent to the commission of the offense, he said: "It does not deprive the plaintiffs in error of any defense previously available, nor affect the criminal quality of the act charged. Nor does it change the legal definition of the offense or the punishment to be meted out. The quantum and kind of proof required to establish guilt, and all questions which may be considered by the court and jury in determining guilt or innocence, remain the same."

He then observed that expressions were to be found in earlier judicial opinions to the effect that a constitutional limitation may be transcended by alterations in the rules of evidence or procedure. We have found it so in several Supreme Court opinions to which we have been directed. He further observed that there may be procedural changes which operate to deny to the accused a defense available under the laws in force at the time of the commission of his offense or which would otherwise affect him in a harsh and arbitrary manner so as to fall within the constituional prohibition, and added: "But it is now well settled that statutory changes in the mode of trial or the rules of evidence, which do not deprive the accused of a defense and which operate only in a limited and unsubstantial manner to his disadvantage, are not prohibited. A statute, which, after indictment, enlarges the class of persons who may be witnesses at the trial, by removing the disqualification of persons convicted of felony, is not an ex post facto law. Hopt v. Utah, 110 U. S. 575, 28 L. ed. 263, 4 Sup. Ct. Rep. 202, 4 Am. Crim. Rep. 417. Nor is a statute which changes the rules of evidence after the indictment so as to render admissible against the accused evidence previously held inadmissible, Thompson v. Missouri, 171 U. S. 380, 43 L. ed. 204, 18 Sup. Ct. Rep. 922; or which changes the place of trial, Gut v. Minnesota, 9 Wall. 35, 19 L. ed. 573; or which abolishes a court for hearing criminal appeals, creating a new one in its stead. See Duncan v. Missouri, 152 U. S. 377, 382, 38 L. ed. 485, 487, 14 Sup. Ct. Rep. 570."

The opinion further says the question may not be settled by any formula or stated rule. It may only be said with certainty that the provision was intended to secure substantial personal rights against arbitrary and oppressive legislation "and not to limit the legisaltive control of remedies and modes of procedure which do not affect matters of substance." As authority for the quoted portion he cites Gibson v. Mississippi, 162 U. S. 565, and Mallett v. North Carolina, 181 U. S. 589.

The differences which may be encountered in the earlier cases are based upon a lack of consideration for procedural statutes as distinguished from substantial law. Long since do we find that the courts have recognized this distinction and it is not now a question for discussion. It was observed in an opinion by Mr. Justice Miller that Bouvier's Law Dictionary did not contain the expression "Procedural Law." Now it does.

Further consideration of recent cases and comments from text writers would seem inappropriate and we will rest our con-

clusion upon the foregoing. The period of limitation of one year had not run on July 9, 1941, when the act of the Legislature became effective which tolled the running of limitation for the period of time during which an indictment or complaint and information were pending. Limitation is not a defense to crime in which the accused could acquire a vested right until it had accrued to him and it was within the power of the Legislature within one year after the commission of the offense to pass a law tolling the running of limitation, which it did.

A reference to the former decision of this court in the same case will dispose of all other questions.

The judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

In his motion for rehearing appellant takes the position that the grand jury which first indicted him was an illegally constituted grand jury, and that the purported indictment returned against him by that body was in fact no indictment at all; that, therefore, the Act of the 47th Legislature set out in our original opinion has no application to his case and that the present indictment having been returned more than a year after the offense was committed the prosecution is barred under the one year statute of limitation in prosecutions for rape.

As supporting his contention appellant cites Wells v. State, 2 S. W. 806; Rainey v. State 19 Tex. App| 479; Lott v. State, 18 Tex. Cr. R. 627; Ex parte Reynolds, 35 Tex. Cr. R. 437, 34 S. W. 120; Ex parte Ogle, 61 S. W. 122; Ogle v. State, 43 Tex. Cr. R. 219, 63 S. W. 1009; Stroud v. State, 90 Tex. Cr. R. 286, 235 S. W. 214; Riddle v. State, 90 Tex. Cr. R. 548, 236 S. W. 725. All of these cases are where a grand jury was composed of either more or less than 12 men. In such cases every act of a grand jury thus organized has been held to be a nullity on the ground that it was in fact no grand jury. Those authorities furnish no parellel to the organization of the grand jury which returned the first indictment against appellant and do not in our opinion support appellant's position.

An attack upon the validity of the first indictment against appellant based upon claimed discrimination because of his color could not affect the validity of said grand jury's acts in other instances. Indictments returned by that body would be valid save

those which charged crimes to members of the class discriminated against. The point raised by appellant against the first indictment did not challenge the legality of the grand jury which presented it, or question the qualifications of the members composing the grand jury. It was an attack upon the validity of a particular act of said grand jury for the reason that the act done was directed against the member of a class against whom discrimination was claimed. Juarez v. State, 102 Tex. Cr. R. 297, 277 S. W. 1091. The particular indictment thus assailed was held invalid as against appellant. It cannot be held to have been no indictment, as urged by appellant. The terms of the Act of the 47th Legislature appear to be applicable.

The motion for rehearing is overruled.

### ORDER GRANTING STAY OF MANDATE.

HAWKINS, Presiding Judge.

Upon consideration of the motion of the appellant Henry Allen Hill, for an order staying the mandate in the above styled and numbered cause pending an application to the Supreme Court of the United States for a writ of certiorari herein, it is here now ordered that said motion be, and the same is here now, granted, and it is hereby ordered that the mandate in this cause, be, and the same is hereby, stayed until the Supreme Court of the United States shall pass upon said application for a writ of certiorari herein to be made to said Supreme Court on behalf of the appellant herein, Henry Allen Hill, provided, however, that said application is filed in said Supreme Court within ninety days from and after this date.

This, the 3d day of June, A. D. 1943.

### ORDER OF ABATEMENT.

HAWKINS, Presiding Judge.

After the judgment of conviction had been affirmed appellant was granted a writ of certiorari by the Supreme Court of the United States. Later the petition for certiorari was dismissed upon application of counsel for appellant, thus the jurisdiction of this court re-attached.

It is made known to the court that appellant has died pending this appeal, and same is here now abated.