

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

March 9, 1959

Hon. V. L. Ramsey, Chairman
Revenue and Taxation Committee
House of Representatives
Austin, Texas

Dear Mr. Ramsey:

Opinion No. WW-570

Re: Constitutionality of H.B.
32, 56th Legislature –
the Abandoned Property
Act.

    This is in response to your request for the opinion
of this office as to the constitutionality of H.B. 32.

    We have carefully read and considered the contents
of H.B. 32. We find that said H. B. 32 is essentially an
escheat law, and, if passed, will be supplementary to exist-
ing escheat laws, namely, Articles 3272-3288, V.C.S. The
enactment of escheat laws is not only authorized but is
demanded by the Texas Constitution, Article XIII, Section
1. The subject matter of the law which is to be acted upon
is property which has no owner. Such property, in the
United States, and each of the several States, is tradition-
ally the proper subject matter of escheat proceedings. The
legal mechanism provided by H. B. 32 for acting upon this
subject matter is essentially the mechanism of the escheat
proceedings. H. B. 32 provides (a) for "discovery" (b) for
"notice", (c) for "inquest of office," and the ultimate investi-
ture in the State of all the title and possession of all
ownerless property. These provisions are all proper and
necessary parts of all escheat laws.

    Insomuch as escheat laws are commanded by our Con-
stitution to be enacted, as shown above, it necessarily
follows that enactment of such a law as H. B. 32 (same
being an escheat law) is authorized by our Constitution.

    You have asked four (4) different questions. For
the sake of clarity, each question will now be set out in
substance and the answer will immediately follow the question
as set out.

    (1) First Question. Is the Act invalid as a retro-
active law?

We answer the question in the negative.  There is nothing "retroactive" in said Bill. .The Texas Constitution positively prohibits the enactment by the Legislature of a retroactive law.

Article I, Section 16 of our Constitution provides as follows:

"No. . . retroactive law . . . shall be made."

The "retroactive law" thus prohibited by the Texas Constitution has been defined in varying phraseology by the numerous courts and legal writers having occasion to define same.  But in substance these several definitions are the same.  The Texas Courts have defined the words "retroactive law" as follows:

In the case of Keith et al vs. Guedry, 114 S.W. 392 the Court of Civil Appeals, speaking through Judge Neill, said this:

(a) "A'retroactive law' is one made to affect acts or transactions, occurring before it came into effect, or rights already accrued, and which imparts to them characteristics or ascribes to them effects, which were not inherent in their nature in the contemplation of the law as it stood at the time of their occurrence.  It gives a right where none before existed, or takes away one which before existed. . . .  Here the State Constitution, eo nomine, forbids, and has forbidden since the days of the republic, the passage of retroactive laws.  However, this provision has been construed by the courts of this state and some other states having like constitutional inhibitions, only as restriction upon the power of the Legislature to pass such laws as impair the obligations of contracts, divest vested rights, such as exceed the general powers of the Legislature or invade the province of other departments of government".

Substantially the same definition of "retroactive law" is set forth in the opinion of our Commission of Appeals in American Surety Company of New York vs. Axtel Company, 36 S.W. 2d 715.

The provisions of H.B. 32 do not in any way come within the terms of said definition of "retroactive" law and there is nothing in the Bill which makes it an act in violation of the constitutional prohibitions against the enactment of retroactive laws.

"A statute does not operate retroactively from the mere fact that it relates to the antecedent facts." (37A Words and Phrases, permanent edition, page 232 citing among other authorities, Black Interp. of Laws, page 237)

There is nothing in any provision of H. B. 32 which makes it a retroactive law.

Even in a jurisdiction such as Texas where retroactive laws are expressly prohibited by the Constitution, it is said to be well settled that a retroactive law which affects only remedy or procedure (as does H.B. 32) is valid, provided, the changes made are reasonable changes. (See 16A C.J.S. pages 108 and 109 citing City of Mason vs. West Texas Utilities Company, 237 S.W. 2d 273, 150 Tex. 18, and other Texas cases.) In order to be a retroactive law within the prohibition of the constitution there must be a disturbance of vested rights and without such disturbance there is no retroactive law. (Wilson vs. Work, 62 S.W. 2d 490, 122 Tex. 545; Covington vs. Covington, Civ. App. 271 S.W. 2d 849; City of Fort Worth vs. Morrow, Civ.App. 284 S.W. 275). It has further been held in Texas that a statute which although it is retroactive, now provides a remedy for an existing right is valid. (Lyon-Gray Lumber Company vs Gibraltar Insurance Company, Commission Appeals, 269 S.W. 80; McCutcheon & Church vs. Smith, Civil Appeals, 194 S. W. 831.) A law does not become retroactive because it provides a new remedy where none existed before. (McCutcheon & Church vs. Smith, supra.)

(2) Second Question. Is the Act invalid as impairing contracts in violation of the Texas Constitution?

Our answer to this question is in the negative. The Act is not invalid as impairing contracts in violation of the Texas Constitution.

H. B. 32 operates upon property only which has no owner, either by reason of (a) the title to the property has been abandoned by the owner of the title or (b) the owner of the property has died intestate and left no heirs. When the possession of property of either or both of said named classes is in the hands of a custodian, the custodian has the custody, that is, the possession but the title does not rest in the custodian. The original contract between the then owner and the custodian which obligated the custodian to render the possession, at some designated time, on demand, to the possessor of the title has become impossible of performance by reason of the loss of the title by him who formerly possessed it. The provisions of H.B. 32 merely provide a legal mechanism by which the possession and the title of this property are united in the owner thereof, the State of Texas.

(3) Third Question. Is the Act invalid as an ex post facto law?

There is no provision in H. B. 32, which constitutes any part of an ex post facto law. An ex post facto law has to do wholly with crime. The criminal provisions in H.B. 32 are those set out in Section 27 thereof and these provisions apply wholly to Acts of commission or omission which can only occur in the future and after the passage of said Bill. An ex post facto law is one which makes criminal an act which was innocent when done and which punishes it. (Hill vs. State, 171 S.W. 2d 880, 146 Tex. Criminal Reports 333, petition dismissed 64 S.Ct. 72, 320 U.S. 806, 8 AL Ed. 487) or which aggravates a crime making it a greater crime than when committed: (Hill vs. State, supra) or which changes the punishment and fixes a more severe penalty than the penalty was when the crime was committed. (Hill vs. State supra and Milligan vs. State, 167 S.W. 2d 188) or alters the rules of evidence so as to receive less testimony or different testimony than was required to convict at the time the offense was committed (Hill vs. State, supra and Milligan vs. State, supra.)

There is nothing in the contents of H. B. 32 which makes it in any way an ex post facto law.

(4) Fourth Question. The fourth question in substance requests that the Attorney General's opinion consider whether there is any provision of the Texas Constitution not inquired about which would make H.B. 32 invalid.

This question is very general and we can only answer it in general terms.

We have found no provision of the Texas Constitution which would make H. B. 32 invalid as a whole, but we are of the opinion that the constitutionality of Section 17, which provides for payment of interest is doubtful. However, this bill contains a severability clause and in the event the courts declare this section to be unconstitutional it would not affect the other provisions of the Act.

Under Article 3272, V.C.S. - Ellis vs. State, 21 S.W. 66 and Robinson et al vs. State, et al, 87 S.W. 2d 297, the title vests in the State by operation of law where circumstances exist escheating property to the State. Since the property transferred to the State is presumed abandoned, the title is presumed to have already vested in the State at the time of the transfer.

All the provisions of both the Federal and State Constitutions which require "due process" are amply complied with by the provisions of this Bill. "Due process of law in each particular case means such an exercise of the powers of the government as the settled maxims of law permit and sanction, and under such safeguards for the protection of individual rights as those maxims prescribe for the class of cases to which the one in question belong." (Cooley, Const. Lim. 441). We find each of the elements of due process amply provided for in H. B. 32.

Article III, Section 50, of the Constitution of Texas is as follows:

> "The Legislature shall have no power to give or to lend, or to authorize the giving or lending, of the credit of the State in aid of, or to any person, association or corporation, whether municipal or other, or to pledge the credit of the State in any manner whatsoever, for the payment of the liabilities, present or prospective, of any individual, association of individuals, municipal or other corporation whatsoever."

and Article III in Section 49 of the Constitution of Texas, says:

"No debt shall be created by or on behalf
of the State, except to supply casual de-
ficiencies of revenue, repel invasion,
suppress insurrection, defend the State
in war, or pay existing debt; and the debt
created to supply deficiencies in the
revenue, shall never exceed in the aggregate
at any one time two hundred thousand dollars."

Neither of these constitutional provisions prohibits
the doing of anything which is provided for in this Bill.
These laws do not prohibit the Legislature from using the
credit of the State for State purposes. (City of Aransas
Pass vs. State, 112 Tex. 339, 247 S.W. 818; Highway Commis-
sion vs. Vaughan, Civil Appeals 288 S.W. 875, Error Refused.)

Here the title is presumed to be in the State at the
time of transfer and hence there is no debt created.
Section 23 gives any person asserting an interest in the
property the right to file a claim against the State,
Section 24 gives him an administrative determination of the
justness of his claim, and Section 25 gives him a judicial
review. This satisfies all the process requirements raised
by the transfer of property which has not in fact already
escheated to the State at the time of transfer. This "claim"
for property transfered which has not under the facts of
a particular case already escheated is neither a "debt"
nor a pledge of "the credit of the State" within the mean-
ing of the Constitution, but is comparable to a claim for
taxes paid under protest which are later determined to be
not actually due.

## S U M M A R Y

H. B. 32 is not a retroactive law; it does
not impair the obligation of contracts in
violation of the Texas Constitution and is
not invalid as an ex post facto law. H.B.
32 is a constitutional Act.

Very truly yours

WILL WILSON
Attorney General of Texas

By:
George P. Blackburn
Assistant Attorney General

GPB/fb

APPROVED:

OPINION COMMITTEE

Jim Rogers, Chairman
Fred Werkenthin
Wallace Finfrock
Arthur Sandlin
Morgan Nesbitt

REVIEWED FOR THE ATTORNEY GENERAL

By: W. V. Geppert