William Charles TURNER, Appellant,

v.

The STATE of Texas, Appellee.

No. 09 85 004 CR.

Court of Appeals of Texas, Beaumont.

Dec. 18, 1985.

Petition for Discretionary Review Jan. 7, 1986.

Douglas Barlow, Beaumont, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

## OPINION

BROOKSHIRE, Justice.

Appellant was indicted for the offense of Aggravated Sexual Assault. A jury found him guilty of the offense of "Aggravated Sexual Assault of a Child" and assessed his punishment at confinement for a term of forty-five years.

Appellant's second, third and fourth grounds of error, which are argued together, contend the court's charge authorized a conviction for conduct which did not constitute an offense; that he was convicted for conduct which did not constitute an offense; the "conviction constituted ex-post facto legislation prohibited by the Texas Constitution."

The indictment was returned on the 21st day of June, 1984, alleging appellant committed the offense of Aggravated Sexual Assault on or about the 2nd day of December, 1983. At the time of this alleged offense the complainant was a girl under the age of 14 years. The trial was conducted on the 17th day of December, 1984, at a time when she was thirteen years of age.

Appellant was indicted for the offense pursuant to the provisions of *TEX. PENAL CODE ANN. sec. 22.021(a)(5)* (Vernon Supp.1985). The provisions of Secs. 22.011 and 22.021 set forth the offenses of Sexual Assault and Aggravated Sexual Assault, respectively, and both became effective September 1, 1983. These two sections of the Penal Code repealed Sec. 21.09, concerning Rape of a Child, and Sec. 21.10, relating to Sexual Abuse of a Child.

The indictment alleged the offense occurred on December 2, 1983, at a time when Secs. 22.011 and 22.021 were effective.

During the guilt-innocence stage of the trial, the court charged the jury as follows:

"You are instructed that the State is not bound by the date of December 2, 1983, alleged in the indictment, and the defendant may be convicted if you believe beyond a reasonable doubt that he committed the offense alleged within a period of three (3) years preceding the filing of the indictment.

"In this case, the indictment was filed June 21, 1984.

"Evidence has been introduced in this case regarding the defendant's having committed offenses other than the offense now alleged against him. You cannot consider this testimony for any purpose unless you believe beyond a reasonable doubt that the defendant committed such other offenses, if any. Even then you may only consider the same in determining the identity of the defendant, or, the issues of intent, motive, system, scheme, or design, in connection with this offense, and no other purpose."

Appellant objected to the charge for the reason that it "permits the jury to find the defendant guilty of an offense not charged in the indictment."

Appellant contends the paragraph in the charge concerning the date of the offense, i.e., December 2, 1983, wherein the court instructs the jury that "the defendant may be convicted if you believe ... that he committed the offense alleged in the indictment within a period of three (3) years preceding the filing of the indictment", authorizes the jury to convict him of an of-

fense occurring prior to September 1, 1983, the effective date of the statutes under which appellant was indicted.

The record reveals the complainant resided with her mother and appellant, who was her step-father. The complainant testified that during the years 1982 and 1983, appellant had engaged in numerous acts of sexual intercourse with her. Appellant made no objections to the testimony of any such prior acts.

The complainant testified that this particular offense occurred on December 2, 1983. She testified that she had given inconsistent statements as to the reasons for remembering the December 2nd date. She admitted she testified before the grand jury that she remembered the date because that was the day her mother had attended a meeting in Austin. At the time of trial she testified that she had discovered that her mother had made the trip to Austin at some time during the month of August, 1983. She then testified that she remembered the December 2nd date as being the same date of her uncle's birthday. Her inconsistent statements as to the reason for remembering the date of the occurrence of the offense would not negate her testimony as to the definite date of the commission of the offense. However, such statements could affect the weight of her testimony and her credibility.

The complainant further testified that she told her mother at some time during November, 1983, about the sexual assaults committed by appellant, and that after telling her mother at that time appellant "stopped" his actions toward her "right away" and did not commit any acts of sexual assault upon her at any time thereafter.

The complainant gave two versions of the specific time of the occurrence of the assault for which appellant was indicted. She testified that the offense occurred December 2, 1983, and also testified that such an act did not occur at any time subsequent to November, 1983. The jury, sitting as the trier of facts, may accept or reject any or all of the evidence adduced. *Johnson v. State*, 673 S.W.2d 190 (Tex.Crim.App.1984).

The jury, as it had the right to do, could have believed the complainant when she testified that appellant committed no assault upon her subsequent to November, 1983, and if it believed such, then it could not have found the offense was committed on December 2, 1983. There is nothing in the record to indicate that the offense was committed at any time after September 1, 1983, and before December 2, 1983.

In the state of the evidence, if the jury believed complainant when she testified that appellant did not assault her at any time after November 1983, then any act of sexual assault must have occurred at some time prior to September 1, 1983, at a time when there was no such offense of Aggravated Sexual Assault under the provisions of Secs. 22.011 and 22.021.

Complainant gave a definite date of June, 1983, when appellant committed an act of sexual intercourse with her. This is the only definite date shown in the record of such an act occurring prior to December 2, 1983.

■ The court's charge given to the jury, which authorized them to convict appellant if the offense occurred within three years of the filing of the indictment was clearly erroneous. It would permit the jury to convict him for the offense even though such offense was committed prior to the effective date of the statutes which made such an act a criminal offense. The evidence in this record is such that the jury could have applied such an instruction to the facts as they could have reasonably found them to be, and could have reasonably believed that even though appellant had committed the sexual assault upon complainant prior to September 1, 1983, appellant could, nevertheless, be convicted for the offense as alleged in the indictment. This particular instruction in the court's charge was erroneously given.

■ Since appellant objected to the charge, reversal is required only if the error is "calculated to injure the rights of defendant", which means no more than that there must be some harm to the ac-

cused from the error. In other words, an error which has been properly preserved by objection will call for reversal as long as the error is not harmless. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1985). The actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole. *Almanza v. State*, supra.

Upon application of the appropriate standard of review as enunciated in *Almanza v. State*, supra, and considering the entire jury charge and all the evidence revealed by the record of the trial, we hold the error is calculated to injure the rights of appellant and that such error is not harmless and requires a reversal.

Because of our holding, we find it unnecessary to address appellant's other grounds of error.

The judgment is reversed and this cause is remanded.