Benjamin GARCIA, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 07–85–0288–CR.

Court of Appeals of Texas, Amarillo.

Jan. 27, 1987.

Discretionary Review Granted April 15, 1987.

Jeff Blackburn, Amarillo, for appellant.

Richard R. Burmeister, Hereford, for appellee.

Before DODSON, COUNTISS and BOYD, JJ.

COUNTISS, Justice.

Appellant was convicted of murder, Tex. Penal Code Ann. § 19.02(a)(1) (Vernon 1974), and sentenced to 30 years in the penitentiary. By four grounds of error and three supplemental grounds, appellant contends the trial court reversibly erred during the penalty stage of the trial when it gave the jury the parole law instruction mandated by section 4(a) of article 37.07 of the Code of Criminal Procedure. We affirm.

Section 4 of article 37.07, passed by the 69th Legislature and effective September 1, 1985,[1] orders the trial courts of Texas to include instructions on parole in the charge to the jury at the punishment phase of a felony trial. Tex.Code Crim.Proc.Ann. art. 37.07, § 4 (Vernon Supp.1986). The statute also sets out the instructions to be used.[2] Three different instructions are provided, in subsections (a), (b), and (c) of the section, for three broad classes of cases. In the case before this Court, subsection (a) is applicable and states:

Sec. 4. (a) In the penalty phase of the trial of a felony case in which the punishment is to be assessed by the jury rather than the court, if the offense of which the jury has found the defendant guilty is listed in Section 3f(a)(1), Article 42.12, of this code or if the judgment contains an affirmative finding under Section 3f(a)(2), Article 42.12, of this code, unless the defendant has been convicted of a capital felony the court shall charge the jury in writing as follows:

"Under the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn time off the sentence imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in miscon-

1. Act of June 13, 1985, ch. 576, § 1, 1985 Tex. Gen.Laws 2195.

2. Tex.Code Crim.Proc.Ann. art. 37.07, § 4(a) (Vernon Supp.1986).

The instruction under sub-section (b) is for first degree felonies or other felonies punishable by lengthy prison terms, and is the same as the (a) instruction, except in its third paragraph, which states:

"Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served plus any good conduct time earned equals one-third of the sentence imposed or 20 years, whichever is less. Eligibility for parole does not guarantee that parole will be granted."

The instruction under sub-section (c) is for second and third degree felonies or other felonies not covered by subsections (a) or (b), and is also the same as the (a) instruction except in the third paragraph, which states:

"Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served plus any good conduct time earned equals one-third of the sentence imposed. Eligibility for parole does not guarantee that parole will be granted."

The issues before us in this appeal are directed to the (a) instruction, but could be raised under the (b) and (c) instructions. We would reach the same result on the issues before us under any of the three instructions.

duct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.

"It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.

"Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served equals one-third of the sentence imposed or 20 years, whichever is less, without consideration of any good conduct time he may earn. If the defendant is sentenced to a term of less than six years, he must serve at least two years before he is eligible for parole. Eligibility for parole does not guarantee that parole will be granted.

"It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

"You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant."

The trial court gave the jury the foregoing instruction. Appellant, under seven grounds of error, presents four major arguments, saying the court erred in giving the instruction because it: (1) did not conform to the language of the statute and denied him federal due process; (2) violated his right to due course of law under the Texas Constitution; (3) violated his state and federal constitutional right to be free of ex post facto laws; and (4) violated the separation of powers doctrine of the Texas Constitution. We will resolve the issues in the stated order.

Appellant's argument that the instruction did not conform to the statute is based on references in subsection (a) to sections 3f(a)(1) and 3f(a)(2) of article 42.12 of the Code of Criminal Procedure. Those sections of article 42.12 are the triggering mechanisms for use of the section 4(a) instructions, yet, as appellant accurately points out, the referenced sections do not today exist. Article 42.12 contains sections 3f(a) and 3f(b), but not sections 3f(a)(1) and 3f(a)(2). Article 42.12 does, however, contain sections 3g(a)(1) and 3g(a)(2), and it is those sections to which section 4 of article 37.07 of the Code of Criminal Procedure should refer.

The problem exists because two bills were working their way through the Texas Legislature at the same time. Senate Bill 37, which added the instructions in question, via section 4 of article 37.07, passed the House and Senate in April and May of 1985 and was finally approved on June 13, 1985, to be effective September 1, 1985. Act of June 13, 1985, ch. 576, § 1, 1985 Tex.Gen.Laws 2195. Sections 3f(a)(1) and 3f(a)(2) were in article 42.12 at that time and were correctly referred to by Senate Bill 37. They listed certain kinds of crimes for which probation is not available and, by the cross reference to those sections, the legislature told the trial court to give the instruction under section 4(a) when the defendant is convicted of one of those crimes.

At the same time, Senate Bill 589 was working through the legislature. It was passed in May 1985, and approved on June 11, 1985, to be effective September 1, 1985. Act of June 11, 1985, ch. 427, § 1, 1985 Tex.Gen.Laws 1531. The bill made numerous changes in the probation, parole and executive clemency laws, and, as pertinent here, did two things. It changed sections 3f(a)(1) and 3f(a)(2), to which Senate Bill 37 referred, to sections 3g(a)(1) and 3g(a)(2), and it added the new sections 3f(a) and 3f(b), sections not pertinent to Senate Bill 37. Thus, the problem before us was created, and appellant says it deals a fatal blow to section 4 of article 37.07. We conclude otherwise, however.

■ Initially, we observe that in construing the applicable statutes, we are required to carry out the intent of the legislature, if possible. Tex.Gov't Code Ann. § 312.005

(Vernon Pamph.Supp.1986). Also, we are required to construe statutes reasonably. Tex.Gov't Code Ann. §§ 311.021, 311.023 (Vernon Pamph.Supp.1986). In this case, the legislative intent is apparent. The legislature intended the crimes now listed in article 42.12, sections 3g(a)(1) and 3g(a)(2) to serve as the trigger for the article 37.07, section 4(a) instruction. Because that intent is apparent, it is reasonable to hold, as we do, that the now inaccurate reference is not fatal and that the trial courts can look to the section 3g subsections when deciding whether the section 4(a) instruction should be given. The Fifth Court of Appeals reached the same conclusion in upholding the statute. *Rose v. State,* 724 S.W.2d 832, (Tex.App.—Dallas 1987, no pet.).

There is a second and more practical reason for our conclusion. When section 4 of article 37.07 was passed by the legislature, its references to the section 3f subsections of article 42.12 were correct. Those subsections were not changed until the amendment to article 42.12 took effect on September 1, 1985. It would have been virtually impossible, logistically, for the legislature to insert the new numbers in section 4, because it and the amendments to article 42.12 were on parallel tracks. If we hold that section 4 is unworkable because of that problem and because of the facts discussed above, we create a potential hazard for any legislation that makes a material reference to other legislation. We see no reason to create that hazard so long as the legislative intent is apparent, as it is here. Ground of error one and supplemental grounds two and three are overruled.

Appellant's second argument advances the contention that the instructions violate the right to due course of law under the Texas Constitution. Tex.Const. art. I, § 13. Citing Judge Teague's concurrence in *Andrade v. State,* 700 S.W.2d 585, 589 (Tex.Crim.App.1985), *cert. denied,* — U.S. ——, 106 S.Ct. 1524, 89 L.Ed.2d 921 (1986), appellant says the instruction invites the jury to speculate on matters foreign to its task when determining a sentence. Certainly it is difficult to understand the wisdom of an instruction that begins by explaining portions of the parole law to a jury and concludes by telling the jury to ignore that information when setting the sentence in the case. The instruction seems to embody most of the evils suggested in Judge Teague's concurrence. It is not our function, however, to determine the wisdom of the instruction.

■ Until the contrary is demonstrated, we must presume that the jury followed the instructions, *Ainsworth v. State,* 517 S.W.2d 274, 277 (Tex.Crim.App.1975); *Rose v. State, supra; Patton v. State,* 717 S.W.2d 772 (Tex.App.—Fort Worth 1986, pet. pending), and did not let the information affect the sentence it set. Thus, there is no violation of appellant's right to due course of law. *Clark v. State,* 721 S.W.2d 424 (Tex.App.—Houston [1st Dist.], 1986, pet. pending). Additionally, we note that the United States Supreme Court has refused to find federal constitutional infirmities in a California instruction that is much more intrusive than the Texas instruction. *California v. Ramos,* 463 U.S. 992, 103 S.Ct. 3446, 77 L.Ed.2d 1171 (1983). Ground of error two is overruled.

Appellant next contends the instruction violates his federal and state right to be free from an ex post facto law. This violation occurs, he says, because the offense for which he was convicted occurred before the instruction became law.

Article I, section 10, clause 1, of the United States Constitution prohibits the enactment of an ex post facto law. The United States Supreme Court stated the classic definition of an ex post facto law in 1798, in *Calder v. Bull,* 3 U.S. (3 Dall.) 386, 390 (1798):

1st. Every law that makes an action done before the passing of the law and which was innocent when done, criminal; and punishes such action. 2d. Every law that aggravates a crime, or makes it greater than it was, when committed. 3d. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed. 4th. Every law that alters the legal rules of evidence, and receives

less, or different, testimony, than the law required at the time of the commission of the offence in order to convict the offender.

Texas has adopted the same definition. *Hill v. State,* 146 Tex.Crim. 333, 171 S.W.2d 880, 883, *cert. dismissed,* 320 U.S. 806, 64 S.Ct. 72, 88 L.Ed. 487 (1943).

It is readily apparent that the instruction in question does not, under the quoted definition, directly violate the prohibition. However, appellant argues that it indirectly violates the prohibition because juries will assess greater punishments after receiving the instruction.

■ We can not make the assumption necessary to support appellant's conclusion, first because there is no information in the record to support the conclusion and, second, because we would be required to assume that the jury did not obey the last paragraph of the instruction. We hold instead that the instruction is a procedural change permissible under federal and state ex post facto provisions. *Weaver v. Graham,* 450 U.S. 24, 29 n. 12, 101 S.Ct. 960, 964 n. 12, 67 L.Ed.2d 17 (1981); *Vasquez v. State,* 477 S.W.2d 629 (Tex.Crim.App. 1972); *Ex parte Tate,* 471 S.W.2d 404 (Tex. Crim.App.1971). Consequently, grounds of error three and four are overruled.

■ By his first supplemental ground, appellant contends the instruction violates the separation of powers doctrine under the Texas Constitution, citing the first opinion of the Dallas Court of Appeals in *Rose v. State,* No. 85–01136 (Tex.App.—Dallas, Aug. 11, 1986), withdrawn, 724 S.W.2d 832 (Tex.App.—Dallas 1987, no pet.), in which a panel of the court made that holding. Later, however, that opinion was withdrawn and a majority of the court, sitting en banc, upheld the constitutionality of the statute. *Rose v. State, supra.* In rejecting the defendant's argument that the instruction violates the separation of powers doctrine, the court pointed out that the legislature has the constitutional power to enact parole laws and can adjust or completely eliminate the role of other branches of government in that function if it desires. Other Courts of Appeals have pointed out that the instruc-

tion in no way infringes on the role the other branches play in the parole process. It only gives information to the jury; it does not grant, deny, or touch on a defendant's eligibility for parole. Thus, it does not violate the separation of powers doctrine. *Hardy v. State,* 722 S.W.2d 164 (Tex. App.—Houston [14th Dist.] 1986, pet. granted and remanded); *Zaragosa v. State,* 721 S.W.2d 429 (Tex.App.—Corpus Christi 1986, no pet.); *Clark v. State, supra; Patton v. State, supra.*

We agree with the reasoning and conclusion in the cited cases. Consequently, supplemental ground of error number one is overruled.

The judgment is affirmed.