William Charles TURNER, Appellant,

v.

The STATE of Texas, Appellee.

No. 046–86.

Court of Criminal Appeals of Texas,
En Banc.

March 11, 1987.

Douglas M. Barlow, Beaumont, for appellant.

James S. McGrath, Dist. Atty. & R.W. Fisher, Asst. Dist. Atty., Beaumont, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

DUNCAN, Judge.

Appellant was convicted by a jury of the offense of aggravated sexual assault of a child, as alleged in the indictment. V.T. C.A. Penal Code, Sec. 22.021(a)(5) (1983). Thereafter, the jury assessed his punishment at confinement in the Texas Department of Corrections for a term of forty-five (45) years.

The Beaumont Court of Appeals reversed appellant's conviction, holding that the trial court, over the appellant's objection, had erred by instructing the jury "that the defendant may be convicted if you believe ... that he committed the offense alleged in the indictment within a period of three (3) years preceding the filing of the indictment." The Court of Appeals concluded that this instruction was improper because it permitted the jury to convict the defendant for an offense that may have occurred prior to the effective date of the penal code provisions that made such conduct a criminal offense. The Court of Appeals also decided that the error was reversible under *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr.App.1985) because it had resulted in "some harm" to the accused and accordingly reversed the judgment and remanded the cause to the trial court. 701 S.W.2d 932.

In the Court of Appeals the State claimed that the appellant failed to properly preserve error. Accordingly, we granted the State's petition for discretionary review to determine whether the appellant preserved the claimed error and if he did whether the Court of Appeals properly applied the standard established in *Almanza v. State, Id.* Because we have concluded that the appellant failed to properly preserve the asserted error it is unnecessary to review the Court of Appeals' application of *Almanza v. State, Id.*

Appellant was charged with aggravated sexual assault of a child under V.T.C.A. Penal Code, Secs. 22.011 and 22.021. The complainant was the appellant's stepdaughter at the time of the offense. At the time of trial she was thirteen (13) years old. The complainant testified during the trial that the appellant had sexually molested her on numerous occasions, prior and in addition to the date of the offense as alleged in the indictment: December 2, 1983.

In his brief before the Court of Appeals the appellant asserted that the complainant's testimony was controverted at trial as to the date of the offense. Further, because of the court's instruction, the jury was permitted to consider other dates when the appellant had sexually assaulted his stepdaughter in reaching their guilty verdict. In summary, the appellant's ground of error before the Court of Appeals was as follows: if the jury did not believe the complainant as to the December 2, 1983, date of the offense and nevertheless found the defendant guilty because of a previous offense, then because that previous offense would have occurred prior to the effective date of V.T.C.A. Penal Code, Sec. 22.-011(a)(2)(A),[1] his conviction would be based upon an ex post facto law, prohibited by the Texas Constitution.[2]

On direct appeal, the Court of Appeals tersely stated that the "appellant objected to the charge for the reason that it permits the jury to find the defendant guilty of an offense not charged in the indictment." Afterwards the court proceeded to apply the standard established by this Court in *Almanza v State*, supra,[3] and concluded there had been "some harm" to the defendant.

A review of an erroneous jury charge under *Almanza v. State*, supra can be predicated upon a timely and specific objection to the trial court that there is error in the charge.[4] In the case at bar there was no proper objection to the charge made in the trial court. In fact, what occurred is that the trial judge read the appellant's written objection into the record, which was as follows:

"COMES NOW WILLIAM TURNER and files this his objection to the charge to the jury on the ground that it fails to apply the law to the facts of this case and permits the jury to find the defendant guilty of an offense not charged in the indictment."

The court then commented: "it is denied." Other than that, the charge was approved. We posit that such an objection is too vague and ambiguous to preserve error for appeal.[5]

As quoted in footnote 4, Art. 36.14, V.A.C.C.P. specifically states that the defendant shall "distinctly specify" *each ground* of the objection. This requirement must also be timely made prior to the submission of the charge to the jury in order to give the trial court notice of any defect, allowing it an opportunity to remedy the defect at that time. Appellant's objection in this case clearly does not inform the court of any specific defect.

In *Bilbrey v. State*, 594 S.W.2d 754 (Tex. Cr.App.1980) the Court reviewed an objection at trial to a jury charge stating merely that "[the court's charge] fails to adequately [sic] apply the law to the facts." *Id.* at 756. The Court held that such an objection was not specific enough to apprise the court of the complaint. This Court has not departed from that reasoning. Thus, it has repeatedly stated that an objection at trial merely stating that the court's charge fails

---

1. September 1, 1983, Acts 1983, 68th Leg., p. 5312, ch. 977, Sec. 3.

2. No bill of attainder, ex post facto, retroactive on any law impairing the obligation of contrasts, shall be made. Tex. Constitution, Art. 1, Sec. 16; *Donohue v. State*, 602 S.W.2d 265 (Tex. Cr.App.1980).

3. "If the error in the charge was the subject of a timely objection in the trial court, then reversal is required if the error is calculated to injure the rights of defendant," which means no more than that there must be *some* harm to the accused from the error. In other words, an error which has been properly preserved by objection will call for reversal as long as the error is not harmless. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Cr.App.1984).

4. Art. 36.14, V.A.C.C.P., states in pertinent part:
   "Before said charge is read to the jury, the defendant or his counsel shall have a reasonable time to examine the same and he shall present his objections thereto in writing, *distinctly specifying* each ground of objection...." (Emphasis added.)

5. It is appropriate to observe that after the appellant was convicted he filed the same written objection to the court's charge on punishment, except in the title to the written objection he interlined the word "Punishment." What actually happened was the appellant merely submitted two copies of the same objection to the court complaining of error in the jury charge as to guilt-innocence and punishment.

to apply the law to the facts is inadequate to preserve error for appellate review. *Hackbarth v. State,* 617 S.W.2d 944, 947 (Tex.Cr.App.1981); *Wells v. State,* 634 S.W.2d 868 (Tex.Cr.App.1982).

In the case at bar the wording of appellant's objection is far too general and ambiguous. One speculative interpretation of his trial objection is that the jury could convict the appellant of an entirely different offense than set forth in the indictment, such as robbery. Another interpretation, as derived from the appellant's brief, is that the jury found him guilty of an offense committed prior to the effective date of Sec. 22.011, V.A.P.C., which was September 1, 1983. Assuming his objection was valid, this argument fails because Sec. 22.011 expressly states that the predecessor statute shall continue to be effective for any offenses committed prior to the effective date of Sec. 22.011.[6] The predecessor statute in this case was V.T.C.A. Penal Code, Sec. 21.09(a) (1974) which stated:

> "A person commits an offense if he has sexual intercourse with a female not his wife and she is younger than 17 years."

Applying this statute to the offense it is clear that the State has met each element of its burden of proof in finding the defendant guilty of the offense cited in the indictment.[7] Thus, there was not an ex post facto prosecution.

Given that appellant's objection was too general and ambiguous to properly apprise the trial court of any defects in the charge we cannot consider the question of whether there was "some harm" to the appellant as a result of the error in the jury charge as complained of on appeal. Rather, the judgment of the Court of Appeals is reversed

and this cause is remanded for the Court of Appeals to consider appellant's remaining grounds of error.

CLINTON, J., dissents.

TEAGUE, Judge, dissenting.

Should a defendant's conviction be affirmed even though the evidence shows that he might not have committed the offense for which he was charged, but because of the charge to the jury the jury could have found him guilty of not that offense but some other offense for which he was not charged? The Ninth Court of Appeals said "no", and reversed the appellant's conviction. See *Turner v. State,* 701 S.W.2d 932 (Tex.App.–9th 1985). Today, however, a majority of this Court, throwing our constitutional *ex post facto* law to the winds, holds to the contrary. Believing that the court of appeals correctly reversed the appellant's conviction, I respectfully dissent to this Court reversing the court of appeals' decision.

It is perhaps because of the way that the facts were developed in the trial court, as well as the change in the law that occurred on September 1, 1983, that might cause one to zero in on the charge to the jury that was given in the trial court, in order to decide whether William Charles Turner, the appellant, received the fair and impartial trial on guilt that our Constitution and statutory laws guaranteed him. However, there is more meat on the bone-issue that is before this Court than merely whether there was error in the trial court's charge to the jury. I believe that the main issue that must be decided in this cause is whether there is a reasonable possibility that the appellant was convicted by the jury under an *ex post facto* law, or at least at a minimum, whether he was deprived of due

---

6. "An offense committed before the effective date of this Act is covered by the law in effect when the offense was committed, and the former law is continued for this purpose." V.T.C.A. Penal Code, Sec. 22.011.

7. The indictment returned by the grand jury in April of 1984 states in pertinent part that [the defendant, WILLIAM CHARLES TURNER],

"did then and there sexually assault Sharon Eschette, hereafter styled the Complainant, a person younger than seventeen (17) years of age and not the Defendant's spouse, by intentionally and knowingly causing the penetration of the vagina of the Complainant by inserting his penis; and the Complainant was then and there younger than fourteen (14) years of age."

process of law and due course of law under the Federal and State Constitutions. The court of appeals implicitly found that the appellant was convicted under an *ex post facto* law. I expressly so find.

I first find that the majority opinion's holding that the appellant's objection to the charge "is too vague and ambiguous to preserve error for appeal" reflects an abysmal lack of understanding and appreciation of what is before this Court to resolve, and what this Court has held in the past regarding the fact that a general type objection may be sufficient to preserve error. See, for example, *Zillender v. State*, 557 S.W.2d 515 (Tex.Cr.App.1977).

To appreciate the flaws in the majority opinion, it is necessary to review some of the events that took place in the trial court.

The record reflects that William Charles Turner, the appellant, was charged by indictment filed on June 21, 1984, with committing the offense of aggravated sexual assault on his stepdaughter, *"on or about December 2, 1983."*[1] Trial occurred on December 17, 1984. The complaining witness, who was then only thirteen years of age, testified that appellant, her step-father, had sexually assaulted her on several occasions during the years 1982 and 1983— by having sexual intercourse with her. However, she contradicted herself when she testified that appellant had sexually assaulted her on December 2, 1983, and then testified that he did not commit any sexual assault on her subsequent to November, 1983. She did not testify that he had sexually assaulted her between September 1, 1983, and November, 1983. Thus, if the jury found that the appellant did not sexually assault the complaining witness at any time after September 1, 1983, which it easily could have done, it could not have found him guilty of the offense of aggravated sexual assault.[2] If

the jury did not believe that the appellant sexually assaulted the complaining witness after September 1, 1983, then it must have found that he sexually assaulted her prior to September 1, 1983, which would have made the appellant guilty of rape of a child and not aggravated sexual assault on a child, which is the offense which the jury found him guilty of committing.

I do not believe that jurors are as sophisticated as appellate court judges are when it comes to seeing what is apparent to us. I find that generally speaking, jurors are simply interested in whether the defendant committed *a* crime, and are not interested in the niceties of the law that appellate court judges might be interested in.

I find, as did the court of appeals, that the problem in this cause lies in the fact that on September 1, 1983, what was formerly the offense of "Rape of a Child," see V.T.C.A., Penal Code, Section 21.09, became the offense of "Sexual Assault on a Child," see V.T.C.A., Penal Code, Section 22.011(a)(2)(A), and if the child is younger than 14 years of age the offense becomes aggravated sexual assault on a child, see V.T.C.A., Penal Code, Section 22.021. Except for punishment, I do not find any real substantive differences between the two offenses where the defendant has sexually assaulted a female person under 17 years of age by having sexual intercourse with her. Rape of a child occurs if a male person has sexual intercourse with a female person not his wife and she is younger than 17 years of age. One of the ways that sexual assault may occur is if a male person has sexual intercourse with a female person and that person is younger than 17 years of age. In the latter instance, such offense becomes aggravated sexual assault if the victim is younger than 14 years of age. As easily seen, depending on what offense the appellant committed

1.  Until September 1, 1983, there was no such offense referred to as "aggravated sexual assault on a child"; where the defendant had sexual intercourse with a female under 17 years of age, the offense was referred to as "rape of a child".

2.  The verdict forms provided the jury by the trial judge permitted the jury to find the appel-

lant guilty or not guilty of the offense of "aggravated sexual assault"; a verdict form for the offense of "rape of a child" was not provided the jury, notwithstanding the fact that the jury was instructed it could find the appellant guilty of that offense rather than the offense of "aggravated sexual assault".

governs what punishment should be assessed.

Punishment for the offense of rape of a child was that provided for a second degree felony offense, which was confinement in the Department of Corrections for not less than 2 years nor more than 20 years and a fine not to exceed $10,000. There was then no such offense as "aggravated rape of a child."[3] The offense of sexual assault provides for the same punishment as rape of a child. However, aggravated sexual assault of a female person who was then younger than 14 years of age carries the punishment provided for a first degree felony, which is confinement in the Department of Corrections for not less than 5 years nor more than 99 years, or life, and a fine of $10,000. The jury assessed appellant's punishment at 45 years' confinement in the Department of Corrections, which is a void punishment if he is guilty of rape of a child.

Given the facts that came from the complaining witness, the law and the punishment provided for the offense of rape of a child, as it existed prior to September 1, 1983, and the law and the punishment provided for the offense of aggravated sexual assault on a child, as it exists subsequent to September 1, 1983, both offenses are applicable to this cause.

What causes the problem to exist probably lies in this Court's principle of law that if the State alleges that the offense occurred "on or about" a certain date, the State may obtain a conviction upon proof that the offense was committed at any time prior to the return of the indictment-provided that this is within the period of limitations. See *Nees v. State*, 402 S.W.2d 186 (Tex.Cr.App.1966), and the cases collated in West's *Texas Digest, Second Series*, Volume 29, "Indictment & Information Key 176".

The offense of rape of a child formerly carried a limitations period of only three years. See Art. 12.01, V.A.C.C.P., prior to amendment.[4]

Pursuant to the trial court's charge to the jury in this cause, the jury was permitted by its instructions to convict appellant of the offense of rape of a child if it found beyond a reasonable doubt that appellant had sexually assaulted the complainant at anytime between December 2, 1980 and December 2, 1983, even though no such offense existed after August 31, 1983 and appellant was not charged in the indictment with committing this offense. The jury was charged as follows: "You are instructed that the State is not bound by the date of December 2, 1983, alleged in the indictment, and the defendant may be convicted if you believe beyond a reasonable doubt that he committed the offense alleged within three (3) years preceding the filing of the indictment [on June 21, 1984, or between June 21, 1981 and June 21, 1984]." Thus, because of the facts of this case, and the change in the law effective September 1, 1983, the jury was permitted to find appellant guilty of the offense of aggravated sexual assault even if it found that he committed that offense prior to September 1, 1983, notwithstanding the fact that the offense of sexual assault on a child or aggravated sexual offense on a child did not then exist.[5]

Thus, but as expressly pointed out by the court of appeals, see *Turner v. State*, 701 S.W.2d 932 (Tex.App.–9th 1985), the trial court's charge to the jury permitted the jury to convict appellant for the offense of aggravated sexual assault on a child even though it could have found that he did not commit that offense, but, instead, found

---

**3.** In the sense that because the female was under a certain age, such did not make the offense of "rape of a child" "aggravated rape of a child."

**4.** However, by Acts 1983, 68th Leg., p. 413, ch. 85, § 1, and Acts 1983, 68th Leg., p. 5317, ch. 977, § 7, which became effective September 1, 1983, the statute of limitations for the offenses of rape of a child, sexual abuse of a child, sexual assault, and aggravated sexual assault, among others, was extended to five years, with the proviso that such did not apply to an offense, the prosecution of which became barred by limitations on or before August 31, 1983.

**5.** A careful reading of the record makes it obvious to me that none of the participants at trial, including the trial judge, picked up on the differences in these and the above dates.

that the appellant had committed the offense of rape of a child. The jury's verdict of guilty does not reflect on what date appellant committed the offense. If the jury actually found that appellant had committed the offense prior to September 1, 1983, it erroneously punished the appellant because, if it found that the appellant sexually assaulted the complainant, by having sexual intercourse with her prior to September 1, 1983, the maximum possible punishment it could have assessed was 20 years and a $10,000 fine. The jury, however, assessed appellant's punishment at 45 years' confinement in the Department of Corrections.[6]

When appellant's counsel objected to the charge, did he, although in the form of an objection to the charge to the jury, actually in fact motion the trial court to require the State to elect which specific act of intercourse was being relied upon for conviction? See and compare *Crawford v. State*, 696 S.W.2d 903 (Tex.Cr.App.1985). (Failure to require the State to elect constitutes reversible error.)

Although there is no question that when appellant presented his complaint about the charge to the trial judge, that the charge "permits the jury to find the defendant guilty of an offense not charged in the indictment," he probably could have better articulated his complaint, given the fact that after the trial judge himself personally read the complaint, and did not ask counsel to further explain his complaint, it is apparent to me that the learned trial judge was fully aware of what appellant was complaining about, namely, that counsel was fearful that the jury might convict the appellant of committing the offense of aggravated sexual assault of a child when he was only guilty of committing the offense of rape of a child.

I find that what Justice Brookshire of the Beaumont Court of Appeals was implicitly stating when he authored the opinion for the court of appeals was that the appel-

lant's objection amounted to a plea to the trial judge not to subject him to being tried and punished for a crime, aggravated sexual assault, that based upon the complaining witness' testimony the jury could find that he did not commit.

Thus, we are confronted with the situation where a defendant may have been found guilty by a jury for an offense that he did not commit, but was found guilty for committing another offense not charged in the indictment.

Art. 1, Section 16, of the Texas Constitution provides in part that "No ex post facto law shall be made." A law is an *ex post facto* law if it aggravates a crime, or makes it greater than it was, when committed, or if changes the punishment, and inflicts a greater punishment, than the law annexed to the crime when committed, or which alters the situation of the accused to his disadvantage. *Hill v. State*, 146 Tex. Cr.R. 333, 171 S.W.2d 880, 883 (App.1943); *Ex parte Alegria*, 464 S.W.2d 868 (Tex.Cr. App.1971).

To simply, and cursorily, state the following, "Assuming his objection was valid, this argument [that the jury found him guilty of an offense committed prior to the effective date of Sec. 22.011, V.A.P.C.], fails because Sec. 22.011 expressly states that the predecessor statute shall continue to be effective for any offenses committed prior to the effective date of Sec. 22.011 ... Applying the statute to the offense it is clear that the State has met each element of its burden of proof in finding the defendant guilty of the offense cited in the indictment. (Footnote omitted.) Thus, there was not an ex post facto prosecution", is to treat the extremely delicate subject of *ex post facto* law and due process and due course of law too gingerly.

Given what this Court and the Supreme Court of the United States have stated regarding the subject of "ex post facto laws", as well as when a defendant has been deprived of due process and due

---

**6.** Given the emotional reaction to a male person having sexual intercourse with a female person only 13 years of age, I believe that any rational or reasonable person believes that 20 years is

"too light" a punishment for the offense of rape of a child, thus easily accounting for the 45 year verdict.

course of law, I find that the manner in which the majority opinion rejects the application of these doctrines to this cause should be, in all due respect to the author of the majority opinion, an embarrassment to the other members of this Court.

"Ex post facto considerations come into play when legislation ... detrimentally affects a person, and the legislative ... action relates to acts of that person committed before the legislation came into force ... In other words, legislative ... action may not retroactively subject a person's actions to criminal prosecution ... and may not retroactively subject a person's actions to criminal prosecution ... and may not retroactively subject criminal actions to a potentially more onerous punishment ..." *Chalin v. State*, 645 S.W.2d 265, 271 (Tex. Cr.App.1982) (Opinion on State's motion for rehearing). Under the due course of law clause to the State Constitution and the due process of law clause in the Federal Constitution, no person shall be deprived of life or liberty without due course or due process of law. See Art. I, Section 19, Texas Constitution; Fourteenth Amendment to the Federal Constitution.

There should be no doubt that what occurred here falls nicely within the boundaries of the doctrine of *ex post facto* law and the principles of due course and due process of law. If the jury's verdict finding appellant guilty of aggravated sexual assault on a child is actually based on a date prior to September 1, 1983, not only has appellant been wrongfully convicted, he has been wrongfully punished. He has not only been subjected to an *ex post facto* law, he has also been deprived of both due course of law and due process of law.

Even assuming arguendo that appellant's objection to the charge was such that the learned trial judge could not comprehend and understand what counsel was complaining about, which given this record is difficult to understand, I am unable to humanly understand how it is possible to affirmatively state that the charge on guilt was not so egregious that it did not deprive appellant of a fair and impartial trial on guilt. Whether one wishes to invoke and

apply "Almanza the Terrible", see *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr.App. 1984), or some other decision that makes a lot more sense than *Almanza,* supra, does, see, for example, *Doyle v. State*, 631 S.W.2d 732 (Tex.Cr.App.1982) (On State's motion for rehearing), makes no difference in this instance because under either the charge that was given the jury in this cause effectively deprived the appellant of a fair and impartial trial on guilt, as the court of appeals implicitly found occurred, which decision should be affirmed and not reversed. The record clearly reflects that the charge to the jury was undesirable, erroneous because of its incompleteness, and should be universally condemned as it so infected the entire trial on guilt as to result in a conviction that violated due course and due process of law. E.g., *Plunkett v. Estelle*, 709 F.2d 1004 (5th Cir.1983).

Therefore, I vote to affirm the decision of the court of appeals that reversed the appellant's conviction. To the majority opinion's contrary holding, and its decision to throw the Constitutional law of *ex post facto* and the doctrines of due course and due process of law to the winds, I respectfully dissent.